This certifies that this is the opinion of the Appellate Division in this cause.

**Suzanne Hurley**
**Clerk, Appellate Division**

**DESTEFANO STUDIOS, INC.**
**vs.**
**Robert WOLF D/B/A FOCUS ON FASHION and formerly known as D/B/A RETAIL MANAGEMENT**

**No. 8767**

U.S. District Court
Appellate Division/Northern District
Trial Court of the
Commonwealth of Massachusetts

**February 10, 1983**

**John M. Destefano, Jr., Esq.,** counsel for Plaintiff.

**Frederick B. Hayes, III, Esq.,** counsel for Defendant.

## OPINION

**Tiffany, J.** This litigation arises out of what was primarily an action in contract by DeStefano to recover the sum of $13,025.30 for goods sold to the defendant, Robert Wolf.

The docket entries, with which the report concurs, reveal that suit was instituted on September 20, 1979; and that through the correct procedural process, a default was entered on December 22, 1979 and execution for the sum of $13,025.30 was issued on January 2, 1980.

On October 2, 1981, a motion pursuant to Dist./Mun. Cts. R. Civ. P. 60(b) and a Suggestion of Bankruptcy were filed by Wolf. The motion for relief from judgment was heard and denied by the trial court on October 16, 1981.

It is indisputable that Wolf is the subject of an involuntary petition filed by several of his creditors on October 16, 1979 in the United States Bankruptcy Court for the District of Massachusetts and that the matter is still pending before that court.

The sole issue before this Division is the propriety of the trial court's denial of the defendant's Dist./Mun. Cts. R. Civ. P. 60(b) motion for relief from judgment.

The applicable Federal law, 11 U.S.C. 362, provides as follows:

"(a). Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title operates as a stay, applicable to all entities, of

(1) the commencement or continuation, including the issuance of employment of process, of a judicial, administrative, or other proceedings against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title . . ."

Subsection (b) of this section enumerates the following exceptions:

"(b). The filing of a petition under section 301, 302, or 303 of this title does not operate as a stay

(1) under subsection (a) of this section, of the commencement or continuation of a criminal action or proceeding against the debtor;

(2) under subsection (a) of this section, of the collection of alimony, maintenance, or support from property that is not property of the estate;

(3) under subsection (a) of this section, of any act to perfect an interest in property to the extent that the trustee's rights and powers are subject to such perfection under section 546(b) of this title;

(4) under subsection (a) (1) of this section, of the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;

(5) under subsection (a) (2) of this section, of the enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;

(6) under subsection (a) (7) of this section of the setoff of any mutual debt and claim that are commodity futures contracts, forward commodity contracts, leverage transactions, options, warrants, rights to purchase or sell commodity futures contracts or securities, or options to purchase or sell commodities or securities;

(7) under subsection (a) of this section, of the commencement of any action by the Secretary of Housing and Urban Development to foreclose a mortgage or deed of trust held by said Secretary is insured or was formerly insured under the National Housing Act and covers property or combinations of property, consisting of five or more living units; or

(8) under subsection (a) of this section, of the issuance to the debtor by a governmental unit of a notice of tax deficiency."

The report sets forth that the bankruptcy petition aginst the defendant was filed on October 16, 1979; is clearly within the provisions of 11 U.S.C. 362 (a)(1); and that the case at bar is a judicial process. It is also clear that the instant action did not fall within the above enumerated exceptions to an automatic stay of proceedings.

Any issues as to whether a Dist./Mun. Cts. R. Civ. P. 60(b)(4) motion for relief from a void judgment is addressed to the discretion of the trial court has been resolved in the negative. "There is no question of discretion on the part of the court when a motion is under Rule 60(b)(4)." Wright & Miller, FEDERAL PRACTICE & PROCEDURE, Civil, S.2862.

The plaintiff's reliance on **Marine Midland Bank v. Richard L. Herriot,** Mass. App. Ct. (1980)(a) is clearly misplaced as that action was brought by the debtor and thus falls outside the scope of 11 U.S.C. 362(a)(1) which renders a stay effective against judicial proceedings brought "against the debtor." **Marine Midland Bank** further supports the automatic character of the stay provisions of 11 U.S.C. 362. The Appeals Court stated therein:

"Westboro [and other defendants] will feel the impact of our decision only at such time as the plaintiff moves for execution on the judgment. A stay of such proceedings in the Superior Court would be required under s. 362."

**Ibid.**

The failure of defendant Wolf to file an answer or to otherwise notify DeStefano of the ongoing bankruptcy action for a period of one year is not conduct to evoke cheers. However, a void judgment does not acquire validity because of laches on the part of the judgment debtor. **Misco Leasing, Inc. v. Vaughn,** 450 F.2d 257 (10 Cir. 1971). Any issue as to the relevance of the creditor's knowledge of the stay under 11 U.S.C. s.362 was decided in **In Re Warner,** 5 Collier Bank. Cases 865, 866 (N.D. Tex. 1981) wherein the court stated that "these actions are void **ab initio** whether or not formal notice has been given to the repossessing creditor and regardless of whether the creditor has actual notice."

**In Re ABT,** 2 Bank. Rep. 323 (1980), which addresses the specific issue of holding a creditor in contempt in violation of the automatic stay, must be read in its entirety and is inapposite to the case at bar. The holding of **ABT** clarifies the contempt provisions of the automatic stay sections of 11 U.S.C. s.362, but has little bearing on the stay of a judgment process.

As the entry of judgment in the lower court was void, the court did not have discretion to deny the defendant's Dist./Mun. Cts. R. Civ. P. 60(b)(4) motion. The motion should have been allowed as a matter of law.

So ordered.

**Elliott T. Cowdrey, P.J.**
**John P. Forte, J.**
**James B. Tiffany, J.**