Rescript Opinions.

JAMES W. KLIMAS vs. EDNA A. MITRANO & another. February 17, 1984. *Practice, Civil,* Relief from judgment.

The plaintiff claims that the trial judge abused his discretion in denying the plaintiff's motion for relief from judgment under Mass.R.Civ.P. 60(b)(6), 365 Mass. 828 (1974). The motion was accompanied by an affidavit of the plaintiff alleging that the plaintiff's former attorney stipulated to a dismissal of the action (seeking specific performance of a contract for the sale of real estate) without the plaintiff's consent. A judge of the Superior Court asked for counter-affidavits, and, after the filing of affidavits by counsel for the defendant and former counsel for the plaintiff, another judge of the Superior Court denied relief. We affirm.

Although a judge may, as matter of discretion, grant relief from an agreement for judgment made without the authority of the client, *Dalton* v. *West End St. Ry.,* 159 Mass. 221, 223 (1893); *Precious* v. *O'Rourke,* 270 Mass. 305, 309 (1930), the judge's action "'will not be reversed on appeal save for abuse.'" *Parrell* v. *Keenan,* 389 Mass. 809, 815 (1983). Such motions must be brought within a reasonable time, and "the determination of what constitutes a reasonable time also is 'addressed solely to the judge's discretion.'" *Ibid.,* quoting from *Chavoor* v. *Lewis,* 383 Mass. 801, 805 n.4 (1981). Although the plaintiff's affidavit states that he became aware of the dismissal of the action in August, 1981, the docket shows that his motion for relief from judgment was not filed until June 14, 1982, some ten months later. For this reason, if for no other, we conclude that there has been no showing of an abuse of discretion.

In addition, we note that the defendant's counter-affidavit raises doubt whether the plaintiff's action states a meritorious claim for relief. The affidavit of the plaintiff's former counsel raises additional doubts as to the merits of the claim.[1] The judge could well have concluded that the plaintiff did not show that his claim was "worthy of judicial investigation." *Berube* v. *McKesson Wine & Spirits Co.,* 7 Mass. App. Ct. 426, 433 (1979). See *Parrell* v. *Keenan,* 389 Mass. at 815.

*Order denying motion for relief*
*from judgment affirmed.*

Richard F. Benway (Sharon M. Harrington with him) for the plaintiff.

---

[1] The plaintiff contends that his former attorney's affidavit should not be considered because of the attorney-client privilege. Although we do not rely on that affidavit, we note that the record appendix does not show that any objection was made to the affidavit, and therefore it appears that the privilege was, in effect, waived. *United States* v. *Gurtner,* 474 F.2d 297, 299 (9th Cir. 1973). In the absence of objection, the evidence "is received at its full probative value." *Commonwealth* v. *Stokes,* 374 Mass. 583, 595 n.8 (1978).