DAVID S. PARESKY, trustee, *vs.* BOARD OF ZONING APPEAL
OF CAMBRIDGE.

Middlesex.    March 8, 1985. — April 5, 1985.

Present: DREBEN, KAPLAN, & KASS, JJ.

*Practice, Civil,* Relief from judgment.

On appeal from a decision of the board of zoning appeal of Cambridge,
    the judge erred in denying the board's motion under Mass.R.Civ.P.
    60(b)(1) for relief from a judgment entered in accordance with an agree-
    ment for judgment reached by the plaintiff and, representing the board,
    the Cambridge commissioner of buildings and housing and an attorney
    of the city's law department, where the motion was filed within four or
    five days of the entry of judgment, although it was not heard for four
    months, and where uncontradicted affidavits submitted in support of the
    motion established that the board had not authorized the agreement and
    had no knowledge of it. [612-616]

CIVIL ACTION commenced in the Superior Court Department
on November 23, 1981.

A motion for relief from judgment was heard by *Andrew
Gill Meyer*, J.

*Janice Campbell* for the defendant.
*Cornelius J. Moynihan, Jr.*, for the plaintiff.

KAPLAN, J. The defendant Cambridge board of zoning ap-
peal (board) moved pursuant to Mass.R.Civ.P. 60(b)(1), 365
Mass. 828 (1974), to secure relief from a consent judgment
to which it was a purported party. The ground of the motion
was that the agreement for judgment was not authorized by
the board and was made through mistake. We reverse an order
of a judge of the Superior Court denying the board's motion.

1. The plaintiff Paresky, owner of a building on Boylston
Street, Cambridge, in which he operated a travel agency,
applied to the board in 1978 to allow him a variance to add
two stories to the building. In granting the application, the board

set out as a condition "that there be no additional signs from those existing today and as shown in photographs submitted." The existing sign was four by eight feet, illuminated. Sometime later the plaintiff applied to the Cambridge building department for a permit to replace this sign with another, six by fifteen feet, illuminated, displaying messages and advertisements. The permit issued and the new sign was installed, but, following complaints by members of the board, the building department revoked the permit in June, 1981. In August, 1981, the plaintiff appealed to the board from the permit revocation, seeking a modification of the variance. After public hearing, with differing views expressed and the Cambridge planning board recommending disallowance, the board on November 4, 1981, voted unanimously to deny the appeal. On November 23, 1981, the plaintiff commenced the present action in Superior Court to review the board's decision under G. L. c. 40A, § 17.

The action remained pending without progress. Sometime in November or December, 1983, the plaintiff by his counsel commenced negotiations with the Cambridge commissioner of buildings and housing (accompanied by a "zoning specialist" in the building department) and an attorney of the Cambridge law department representing the board. The talks eventuated on January 25, 1984, in an agreement for judgment which in terms "annulled" the decision of the board.[1]

Judgment entered on January 26, 1984. On that day a member of the board first learned of the agreement. The board met promptly with the attorney and told him the agreement was unacceptable. On the board's instructions, the attorney on January 30, 1984, field a motion pursuant to rule 60(b)(1)[2] to

---

[1] "Whereas a permit was issued allowing the use of the sign in question on the premises at 29-41 Boylston Street, Cambridge, and whereas substantial expenditures were made in reliance thereon and said sign was actually put into operation for a substantial period of time, it is adjudged by agreement that said sign may forthwith be energized and used; that the aforesaid permit is reinstated and shall be in full force and effect; and that the decision of the Board of Appeals is hereby annulled."

[2] "RULE 60. RELIEF FROM JUDGMENT OR ORDER. . . . (b) Mistake; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.

vacate the judgment, alleging that the agreement for judgment was not authorized on the part of the board and resulted from mistake. There was further negotiation between representatives of the plaintiff and the board, but without result, and on May 22, 1984, the plaintiff marked the motion for hearing, which occurred on June 6, 1984.

Submitted in support of the motion was an affidavit by the attorney stating that through January 25, 1984, he was "under the impression" that the commissioner (and zoning specialist) "could be relied on to express the will of the [board], and to approve settlements on their behalf." He had now become aware that they were not so authorized and that they had never discussed the agreement with the board. An affidavit by the commissioner stated that he was not authorized to negotiate for the board and had assumed that any agreement would be submitted to the board for approval. The chairman of the board stated by affidavit that, aside from his learning, at the time, that the Superior Court action had been commenced, he had had no information from the Cambridge law department about the action through January 25, 1984; the commissioner had not been given authority to negotiate or approve a settlement; he, the chairman, had never before known the law department to settle a case without the board's consent.

Opposing the motion, the plaintiff stated by affidavit that he had incurred expense in reliance on the permit, which was then withdrawn, and had later reached an agreement of settlement, which was now being impeached. He thought he should be able to rely on representatives of the city.

As noted, a judge of the Superior Court denied the motion to vacate. He made no findings. According to a statement under Mass.R.A.P. 8(c), as appearing in 378 Mass. 933 (1979), the judge's "main concern appeared to be the four-

---

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment . . . for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . . The motion shall be made within a reasonabe time, and for reasons (1), . . . not more than one year after the judgment, . . . was entered or taken. . . ."

month gap in time between the filing of the motion and the hearing on that motion. He was also concerned about the need for citizens to rely on agreements entered into by attorneys for the city."

2. It has been clear since *Farley* v. *Sprague*, 374 Mass. 419, 423-425 (1978), that upon a motion of this sort uncontradicted statements in affidavits submitted by the parties must be accepted as true. Cf. *Slaven* v. *Salem*, 386 Mass. 885, 888-889 (1982). Accordingly, there can be no quarrel with the proposition that the agreement for judgment was made without authorization of the board and was found unacceptable to the board when discovered. The record does not hint of a situation where a party repents of an agreement which it has duly made and thereupon claims disingenuously that the agreement was entered into without authority. Cf. *Klimas* v. *Mitrano*, 17 Mass. App. Ct. 1004 (1984); *Chin-Kun Woo* v. *Moy*, 17 Mass. App. Ct. 949 (1983); 7 Moore's Federal Practice par. 60.22[2], at 60-182 & n.18 (2d ed. 1983). Where, because of mistake, a judgment purporting to be by consent turns out to have been not so in fact, a case would seem to be made out for relief under rule 60(b)(1) unless, perhaps, some good reason is shown to the contrary. See *In re Gsand*, 153 F.2d 1001, 1004-1006 (3d Cir. 1946); *United States* v. *Gould*, 301 F.2d 353, 357-358 (5th Cir., 1962); *Griffin* v. *Kennedy*, 344 F.2d 198 (D.C. Cir. 1965); *Smith* v. *Widman Trucking & Excavating, Inc.*, 627 F.2d 792, 795-798 (7th Cir. 1980). See also *Parrell* v. *Keenan*, 389 Mass. 809, 813-816 (1983); 7 Moore's Federal Practice par. 60.22[2], at 60-175 & n.2 (2d ed. 1983).[3] Here the judge spoke of citizens' justifiable reliance on the actions or commitments of city representatives, but, if this was anything more than a general observation about the complications and frustrations of metropolitan life, we have to note that the plaintiff is chargeable throughout with knowledge of the condition that accompanied the variance. This made the purchase and installation of a new sign a risky act. The plaintiff can ask no more

---

[3] Compare *Klimas*, 17 Mass. App. Ct. 1004 (reluctance to vacate stipulated judgment of dismissal where motion long delayed and merits of claim in doubt).

than an opportunity to litigate any legal question raised in his action to review the decision of the board.

The judge's uneasiness about the four-month lapse between the filing of the motion and the date of hearing seems not a sound basis for denying the motion. Although there is surely a public interest in the speedy movement of court business, the main question here is whether the plaintiff can show prejudice to himself by reason of the delay. In that connection we observe that the plaintiff allowed his action to remain dormant on the calendar from November, 1981, onwards. His protest about a four-month interval thus appears somewhat forced, especially as he was joining in negotiation with the board during this period. The plaintiff was on notice of the vulnerability of the judgment from the date of filing of the motion to vacate, which occurred within four or five days of the entry of judgment and the board's learning of it. Any reliance by the plaintiff on the judgment thereafter would be foolhardy. (Note the references to "filing" rather than "hearing" in *Klimas*, 17 Mass. App. Ct. 1004; *Jabaily* v. *Cullen*, 18 Mass. App. Ct. 943 [1984].) Here the motion was "made" within a "reasonable" time, short of the limit of "one year after the judgment" as required by rule 60(b)(1).

Applications under rule 60(b) customarily have elements that call for the exercise of judicial discretion. See *Berube* v. *McKesson Wine & Spirits Co.*, 7 Mass. App. Ct. 426, 430-431 (1979) (discussing discretionary factors). We doubt that the present record left room for discretion, cf. *Metivier* v. *McDonald's Corp.*, 16 Mass. App. Ct. 916 (1983), but if it is thought to have done so, we would rule that discretion was abused. It should not escape attention that the action, defended by a public agency, affects public rights.

*Order reversed and judgment*
*vacated.*