Jodrey, J.
This is an appeal from the allowance of two Dist./Mun. Cts. R. Civ. P., Rule 60 motions for relief from judgment filed by the defendant in two, separate actions commenced in the Framingham Division of the District Court Department.
Each case was brought to recover a balance on a promissory note and each involves the same plaintiff and defendant. The procedural progression of the two actions is almost identical, and the appellate issue presented in both reports to this Division is the same. Accordingly, our review and disposition of these two reports are consolidated in this Opinion.
Framingham Division case no. 81-C-00157 was commenced by the plaintiff on January 28, 1981 to recover a $1,927.41 balance on a promissory note executed by the defendant on April 30,1980. The complaint and a summons and motion to attach realty were served on the defendant on February 6,1981. The plaintiffs motion for attachment was allowed on February 18,1981, and notice was mailed to the defendant. No responsive pleading was filed and a default was entered on March 12, 1981 with appropriate notice to the defendant. On April 23,1981, the plaintiff mailed to the defendant a copy of a motion to assess attorneys’ fees. Said motion was allowed on May 13,1981 and the defendant was so notified. A default judgment was entered on May 21, *125 1981 and notice was again sent to the defendant. Execution issued on June 9, 1981.
The plaintiff thereafter instituted a Supplementary Process action and service was made on the defendant on August 5,1982. One month later, the defendant filed a Chapter 13 wage earner’s plan in the United States Bankruptcy Court, listing the plaintiff as a creditor. The Trustee in Bankruptcy dismissed this plan on November 3,1982.
On December 18,1982, the plaintiff served the defendant with notice that a hearing date had been set for the Supplementary Process action. At this January 12, 1983 hearing, the defendant was defaulted and a capias was issued. The defendant subsequently telephoned the plaintiff and promised to make full payment'on the note by the beginning of March. No such payment was made, however, and the defendant was brought into court on the capias on March 30,1983. The case was continued to May 25,1983 at which time the defendant and his attorney appeared and requested a further continuance until June 29,1983. The defendant was again defaulted on June 29,1983 and a second capias was issued.
Almost one year later, on May 30, 1984, the defendant was brought into court on the second capias. The defendant thereafter filed a Rule 60 motion for relief from judgment. Said motion was predicated solely on the defendant’s allegation that he had a defense to the plaintiffs claim which he never had the opportunity to assert. The defendant’s motion for relief from judgment was allowed on July 25, 1984.
The plaintiff’s second case, Framingham Division No. 81-C1-01498, was instituted on September 17,1981 to recover a deficiency balance of $3,499.74 on a 1979 promissory note signed by the defendant. A default judgment was entered on January 21,1982. Between the commencement of this action and the entry of judgment four mpnths later, the defendant received and ignored six notices of trial court proceedings which included service of the complaint, summons and motion for approval of trustee process; notice of the allowance of motions for trustee process and real estate attachment; notice of both the filing and the allowance of plaintiffs motion for assessment of attorneys’ fees; and notice of the entry of both a default and a default judgment. Execution issued on February 3,1982.
As in the first case, the plaintiff thereafter commenced a Supplementary Process action and service was made upon the defendant. The defendant was defaulted twice and eventually brought into court on a second capias on May 30,1984. The defendant again filed a Dist./Mun. Cts. R. Civ. P., Rule 60 motion for relief from judgment on the grounds that he had been denied an opportunity to present a defense to the plaintiffs claim. The trial court allowed the defendant’s motion on July 25,1984.
1. In every case in which an appellate court is called upon to review the disposition of a Rule 60(b) motion for relief from judgment, it is generally stated that such a motion is addressed to the discretion of the trial justice.[1] Ross v. Ross, 385 Mass. 30, 33-34 (1982); Trustees of Stigmatine Fathers, Inc. v. Secretary of Adm. & Fin., 369 Mass. 56, 565-566 (1976); Forti v. Muzi Motors, Inc., 5 Mass. App. Ct. 700, 701 (1975); Schulz v. Black, 369 Mass. 958 (1975); Nolan v. Weiner, 4 Mass. App. Ct. 800 (1976); Luke v. Petrosino, 1981 Mass. App. Div. 128. The well established validity of this general proposition and the *126 frequency of its reiteration often- obscure the significance of the Rule’s procedural requirements and substantive criteria which a moving party must satisfy to be entitled to Rule 60 relief. Although Rule 60(b) is “remedial in character and subject to a liberal interpretation,” Berube v. McKesson Wine & Spirits Co., 7 Mass. App. Ct. 426, 429 (1979), the judicial discretion to be exercised under this rule is not unlimited.
A motion pursuant to Dist./Mun. Cts. R. Civ. P., Rule 60(b)(1) must, for example, be premised upon adequate, factual assertions of mistake, inadvertence or excusable neglect, see Slotnick v. Goldstein, 385 Mass. 1006 (1982), and must be made within one year of the entry of judgment. Chavoor v. Lewis, 383 Mass. 801, 803-804 (1981); Artco, Inc. v. DeFruscia, 5 Mass. App. Ct. 513, 517 (1977). It is error to allow a Rule 60(b)(1) motion which is submitted after the expiration of this one year period. Chavoor v. Lewis, at 804. See also Spadorcia v. South Shore Oral Surgery Assoc., Inc., 17 Mass. App. Ct. 362, 363 (1984). As the defendant’s motions for relief from judgment herein were filed three years and two and one-half years, respectively, after the default judgments were entered in each case, the trial court’s allowance of Rule 60 could not have been properly granted under Rule 60(b)(1).
2. Given the delay between judgment and the defendant’s request for relief from the same in each case sub judice, the only section of the rule theoretically available to the defendant was Rule 60(b)(6).[2] Motions pursuant to Dist./Mun. Cts. R. Civ. P., Rule 60(b)(6) must be filed within a “reasonable time” after judgment and must demonstrate the existence of “other reasons” for relief distinct from those grounds encompassed by sections (b)(1) to (b)(5) of Rule 60. Murphy v. Administrator of Div. of Personnel Adm., 377 Mass. 217, 228 (1979); Pleasant Travel, Inc. v. Butler, 1983 Mass. App. Div. 41, 45; 11 C.A. WRIGHT & A.R. MILLER, FEDERAL PRACTICE & PROCEDURE, § 2864, at 217 (1973). As Rule 60(b)(6) is extremely “meagre” in scope, Charles Chaote Memorial Hosp. v. Commissioner of Pub. Welf., 13 Mass. App. Ct. 1080, 1081 (1982), quoting from Rinieri v. News Syndicate Co., 385 F.2d 818, 822 (2nd cir. 1967), “extraordinary circumstances” must be advanced to justify relief under this subsection. Artco, Inc. v. DiFruscia, at 517; Bowers v. Board of Appeals of Marshfield, 16 Mass. App. Ct. 29, 33 (1983).
The only extraordinary aspect of the cases at issue is the defendant’s unexplained disregard for almost a three year period of the legal actions against him despite continuing notices of each stage of the procedural developments. The defendant’s Rule 60 motions are devoid of any explanation for either his inaction prior to judgment or his failure to pursue appropriate measures immediately after judgment. Such an explanation is required to establish even a threshold qualification for relief from judgment pursuant to Rule 60. J. SMITH & H. ZOBEL, RULES PRACTICE, §60.1 (8 M.P.S. (1977)), quoting from United States v. Martin, 395 F.Supp. 954, 961 (S.D. N. &. 1975).
The sole basis for the defendant’s motions was a simple allegation of the existence of a defense to the plaintiffs claims. No facts were advanced upon which the trial court could have made the requisite Rule 60 determination that the alleged defense was one
worthy of judicial investigation because raising a material question of law meriting discussion and decision, or a real controversy as to essential facts arising from conflicting or doubtful evidence.
Mullen Lumber Co. v. F.P. Assoc., Inc., 11 Mass. App. Ct. 1018, 1020 (1981) and *127 cases cited. See also, Old Colony Bk. & Tr. Co. v. Tacey Transport Corp., 10 Mass. App. Ct. 825, 826 (1980); Berube v. McKesson Wine & Spirits Co., at 433. Moreover, the assertion of even a genuinely “meritorious" defense is merely one factor to be considered by a trial justice in disposing of a Rule 60 (b) (6) motion. Parrell v. Keenan, 389 Mass. 809, 815 (1983).[3] Such a defense does not, standing alone, constitute a basis for the allowance of Rule 60 relief. It remains incumbent upon a Rule 60(b)(6) moving party to demonstrate in the first instance the operation of “extraordinary circumstances” sufficient to justify a vacating of judgment which would then permit the assertion of the meritorious defense at trial.
3. The remedial provisions of Dist./Mun. Cts. R. Civ. P., Rule 60 are designed to accomplish justice, and not to promote carelessness and laxity. Nickerson Lumber Co. v. Cobb, 1981 Mass. App. Div. 193, 194; Knapp v. Cramer, 1980 Mass. App. Div. 11, 12.
A party remains under a duty to take legal steps to protect his interest, and a simple disregard or neglect of such duty does not ordinarily justify relief from judgment.
Forster Lumber Corp. v. Noiseux, 1982 Mass. App. Div. 200, 201, quoting from Consumers Credit Union v. Florentine, Mass. App. Div. Adv. Sh. (1979) 447, 449. The defendant has advanced no grounds, prosaic or extraordinary, for relief from judgment under Rule 60(b)(6). Accordingly, the defendant’s motions for relief from judgment should have been denied.
4. In view of the patent inadequacy of the defendant’s motions under Dist./Mun. Cts. R. Civ. P., Rule 60(b)(6), it is unnecessary to consider the question of the timeliness of said motions herein. As noted above, a Rule 60(b)(6) motion must be filed within a “reasonable time” after judgment; and a determination of what is-reasonable rests within the discretion of the trial justice. Parrell v. Keenan, at 815; Klimas v. Mitrano, 17 Mass. App. Ct. 1004 (1984). The longer the delay between judgment and a Rule 60 filing, however, the more substantial the moving party’s grounds for relief should be. Consideration must be given to the rights and interests of the non-moving party; and a lengthy delay should trigger an appropriate concern for the finality of judgment. See Chiu-Kun Woo v. Moy, 17 Mass. App. Ct. 949, 950 (1983).
Although we decline to rule that a three year delay in seeking Rule 60(b) relief is in all cases per se unreasonable, we are constrained to note that such a lengthy delay could easily render a Rule 60 motion untimely as a matter of law absent compelling, extenuating circumstances. See Klimas v. Mitrano, at 1004 (ten month delay between judgment and Rule 60 filing deemed unreasonable); Commonwealth v. Mandile, 15 Mass. App. Ct. 83, 88 (1983) (87 day delay deemed unreasonable); Nagle v. Nagle, 15 Mass. App. Ct. 337 (1983) (seven years held unreasonable); Rogers v. Shay, 1984 Mass. App. Div. 105 (six months held unreasonable). Compare, Parrell v. Keenan, at 816 (fourteen months held reasonable).
5. The trial court’s allowance of the defendant’s Dist./Mun. Cts. R. Civ. P. 60 motions for relief from judgment is vacated in both actions.
An order denying these motions is to be entered in each case.

 An exception is found in Rule 60(b)(4) which permits relief from void judgments and is not addressed to the discretion of the trial justice. Fieldv. Massachusetts Gen. Hosp., 393 Mass. 117, 118 (1984); DeStefano Studios, Inc. v. Wolf, 1983 Mass. App. Div. 22, 23.

 Motions pursuant to Rule 60(b)(1) through (3) are subject to the one year limitation. The judgment in question was neither void nor satisfied, released, discharged or based on a prior judgment. Thus the defendant’s motions are not cognizable under Rule 60(b)(4) or Rule 60(b)(5).

 Other factors to be weighed are whether extraordinary circumstances warrant relief and whether the substantial rights of the parties will be affected by granting the motion. Parrell v. Keenan, supra at 815.