Doyle, P. J.
This is a petition to establish the defendant’s draft report which was disallowed by the trial court. The sole issue for review presented by said draft is the propriety of the court’s denial of a Dist./Mun. Cts. R. Civ. P., Rule 60(b) motion filed by the defendant almost sixteen months after the parties’ execution of an Agreement for Judgment.
It is clear from an examination of the draft report at issue and the docketed history of this case that the defendant’s efforts to secure an appeal to this Division are both procedurally flawed and of no substantive merit. The docket indicates that this suit was initiated in October of 1982. The plaintiffs complaint sought damages for conversion and for unfair and deceptive acts in violation of G. L. C.93A allegedly committed by the defendant in his failure to repair or return the plaintiffs motor vehicle. Specifically, the plaintiff claimed that in August, 1980 the defendant accepted the plaintiffs vehicle for repairs and received an insurance check in the sum of $2,000.00 to cover repair costs; and that as late as August, 1982, the defendant had failed to make the necessary repairs and had refused to return the plaintiff's car to her. The defendant was defaulted for failing to answer in November, 1982. Although this initial default was subsequently vacated, the defendant thereafter failed not only to answer interrogatories propounded by the plaintiff, but also to comply with a court order to produce documents. Judgment for the plaintiff pursuant to Dist./Mun. Cts. R. Civ. P., Rule 33(a) was entered on April 23,1984. A subsequent judicial assessment of damages resulted in an entry of final judgment for the plaintiff in the sum of $19,200.00 plus attorneys’ fees, costs and interest on June 7,1984.
A motion to vacate judgment was filed on June 13, 1984 by one Phillip T. Corwin, then defendant’s third new counsel in this action. After several agreed upon continuances, the defendant’s motion was marked for hearing in : November, 1984. Mr. Corwin died prior to such hearing, and the defendant thereafter waived his motion to vacate judgment and executed an agreement *88 for judgment which was entered on November 18,1984.
A Rule 60(b) motion for relief from this 1984 consent judgment, upon which the defendant’s efforts are now predicated, was not filed until March 5,1986. The defendant’s motion was properly denied.
1. We note at the outset that the defendant’s petition is fatally defective in that it omits the unequivocal attestation, mandated by Dist./Mun. Cts.R.Civ. P., Rule 64(c)(2), as to the accuracy and comprehensiveness of the draft report at issue. Cook v. Kozlowski, 361 Mass. 708 (1967); Brooks v. Hautala, 1984 Mass. App. Div. 254, 255; Davis v. Commercial Union Ins. Co., 1984 Mass. App. Div. 237, 239.
The tenor of the draft report sub judice is clearly slanted in the defendant’s favor and its text is liberally sprinkled with arguments, excuses and justifications for the defendant’s continued laxity throughout the course of the lower court proceedings. A draft report drawn in compliance with Rule 64(c) (2) is designed to serve as a trial court record and not as a brief or a vehicle for supplemental argument by the aggrieved party. See, e.g., Murphy v. Hamed, 1985 Mass. App. Div. 30, 31; Theurer, Inc. v. Eaton-Turner, Inc., 1983 Mass. App. Div. 115, 116. The defendant’s draft report is also flawed by repeated references to matters irrelevant to the only appellate issue framed in the draft; namely, the court’s denial of the defendant’s Rule 60 motion to vacate an agreement for judgment. Many of these extraneous recitals tend to obscure or distort the salient issue by, for example, describing alleged settlement efforts undertaken by the defendant subsequent to the 1984 judgment or by unduly emphasizing early lower court proceedings so as to depict the final judgment as something unfairly imposed on the defendant rather than as a product of his voluntary agreement. The deletion of such irrelevant and extraneous material is required before a valid report can be settled or established. Kaps, Inc. v. Sherman, 1983 Mass. App. Div. 24, 26. We note that two draft report hearings were conducted in this case, and that the defendant was afforded opportunities to revise his draft prior to disallowance.
In short, we concur with the trial justice’s extensive order of disallowance which states, inter alia, that the defendant’s draft report is “argumentative, contains immaterial and unnecessary recitals of factual allegations and fails significantly to include all the documents.. .necessary to understand the issues raised.’’[2]
2. In any event, a disposition of the defendant’s petition to establish need not rest on such procedural infirmities, for the draft report proposed by the defendant discloses no prejudicial error of law or abuse of discretion. A petition to establish such a draft report must be denied. Coen Marine Equip., Inc. v. Kurker, 392 Mass. 597, 599-600 (1984); Haines Corp. v. Winthrop Square Cafe, Inc., 335 Mass. 152, 153-154 (1956); Souza v. Stoney Acres, Inc., 1984 Mass. App. Div. 157 (1984).
The defendant’s Dist./Mun. Cts. R. Civ. P., Rule 60(b) effort to vacate a judgment he had agreed to almost sixteen months earlier was premised *89 exclusively on the following allegations: 1) “inordinate” difficulties in dealing with his previous attorneys which arguably explained the defendant’s pattern of defaults and inattention to this litigation; 2) the existence of a meritorious defense of lack of contractual privity with the plaintiff; and 3) an assertion that the defendant’s prior problems with all counsel unfairly deprived him of an opportunity to be heard on the merits. None of these allegations purport to explain either why the defendant voluntarily entered into an Agreement for Judgment or why the defendant was entitled to have such judgment vacated by the trial court over a year later. A judgment which appears to have been entered by consent may be vacated under Rule 60(b)(1) upon a showing of mistake, surprise or inadvertence. See Paresky v. Board of Zoning Appeal of Cambridge, 19 Mass. App. Ct. 612, 615 (1985) and cases cited. Upon even a generous reading of the defendant’s Rule 60(b) motion and accompanying affidavit, such requisite grounds for relief cannot be deemed to have been demonstrated.
Moreover, a Dist./Mun. Cts. R. Civ. P., Rule 60(b)(1) motion must be filed within one year of judgment. As this time period cannot be extended, the defendant’s Rule 60(b)(1) motion filed almost sixteen months after judgment was clearly timebarred. Spadorcia v. South Shore Oral Surgery Assoc., Inc., 17 Mass. App. Ct. 362, 364 (1984); Wheeler v. Springfield Sugar & Products Co., 15 Mass. App. Ct. 979, 980 (1983). The defendant could not utilize Rule 60(b)(6) simply to avoid this one year time restriction in filing a motion for relief cognizable, if at all, solely under the provisions of Rule 60(b)(1). Spadorcia v. South Shore Oral Surgery Assoc., Inc., at 363; Artco, Inc. v. DiFruscia, 5 Mass. App. Ct. 513, 517 (1977). Subdivision (6) of Rule 60 applies only when relief from judgment is justified on grounds other than those set forth in subdivisions (1) through (5).[3] Parrell v. Keenan, 389 Mass. 809, 814 (1983); Chavoor v. Lewis, 383 Mass. 801, 806 (1981); Murphy v. Administrator of Div. of Personnel Adm., 377 Mass. 217, 228 (1979); Roberson v. Boston, 19 Mass. App. 595, 597 (1981). Further, as Rule 60(b)(6) is extremely “meagre” in scope, Charles Choate Memorial Hosp. v. Commissioner of Pub. Welf., 13 Mass. App. Ct. 1080, 1081 (1982), “extraordinary circumstances” must be advanced to justify relief under this subsection. Bowers v. Board of Appeals of Marshfield, 16 Mass. App. Ct. 29, 33 (1983); Henderson v. D'Annolfo, 15 Mass. App. Ct. 413, 425 n.15 (1983); Union Warren Savings Bank v. Cheschi, 1985 Mass. App. Div. 124, 126. The defendant’s motion is totally devoid of any ground or circumstance of an extraordinary caliber which could reasonably be construed as ■justifying relief pursuant to Rule 60(b)(6).[4]
As the circumstances of this case dictate that the defendant’s exclusive avenue for relief from a consent judgment was Rule 60(b)(1) and as the defendant’s motion was not timely filed within one year of judgment, the denial of such motion was required as a matter of law.
3. Accordingly, the defendant’s petition to establish is denied.

One of the essential documents missing from the defendant’s proposed dr^ft is the Agreement for Judgment executed by the parties in 1984. As such Agreement is not before this Division, the precise nature and scope of the parties’ undertaking cannot be considered. Accordingly, we treat the November 18,1984 filing and docketing of such Agreement as the entry of a consent judgment herein.

 As no unequivocal averment concerning non-receipt of notice of the entry of judgment has been or could have been made by the defendant herein, no exception to this general rule is available to transform the defendant’s unseasonable Rule 60(b)(1) motion into a timely Rule 60(b)(6) application. See Chavoor v. Lewis, 383 Mass. 801, 806 (1981).

 See, e.g., Rule 60(b)(6) considered as mechanism for relief from consent judgment where an attorney, agent or party was unauthorized to negotiate or execute an agreement for judgment. Parrell v. Keenan, 389 Mass. 809, 814 n. 7(1983); Klimas v. Mitrano, 17 Mass. App. Ct. 1004(1984); Bowers v. Board of Appeals of Marshfield, 16 Mass. App. Ct., at 33.