Furnari, J.
This is an appeal by defendants Stephen and Joan E. Carp (“the Carps”) of the denial of their Dist./Mun. Cts. R. Civ. P., Rule 60 motion for relief from a judgment entered pursuant to their agreement for the same.
This action was filed in 1989 upon multiple claims againstthe Carps which included their default on two promissory notes and breach of acontractfor the construction and sale of a house. Two years of needlessly protracted pretrial proceedings, which generated a total of ninety-seven docket entries, finally culminated in the commencement of trial on June 21,1991.
After several days of testimony, but prior to the completion of trial, the attorneys for the plaintiffs and the Carps settled the case and signed a detailed Agreement for Judgment (“the Agreement”) dated July 31,1991.[3]TheAgreementwas notified in the trial court until November 8,1991. On the latter date, the plaintiffs also filed a motion for entry of judgment against Joan Carp pursuant to the Agreement.
At the December 18,1991 hearing of the plaintiffs’ motion, the Carps presented a "Motion for a New Trial” and a “Motion to Vacate Agreement for Judgment” which were each predicated solely upon the attached affidavit of the Carps’ then counsel, Richard W. Gannett (“Gannett”). Gannett averred that he had executed the Agree-mentforjudgment on behalf of his clients and “pursuantto their instructions”, butthat the Carps wished “to vacate the stipulation they entered into”, claiming that they had authorized it only because Stephen Carp had been “intimidated” during his testimony by the trial judge’s admonishments, and because .both Carps had been “humiliated” *142 by a single, disparaging remark by plaintiffs counsel to Joan Carp.[4]
The trial judge entertained both parties’ motions on December 18, 1991, and specifically inquired during the hearing if the Carps had been aware of the Agreement for Judgment and had authorized Gannett to execute iton their behalf. Gannett replied affirmatively. Based on such representation and on a finding that the purported fears of Stephen Carp were “preposterous,” the trial judge denied the Carps’ motions for a new trial and to vacate their Agreementfor Judgment, and allowed plaintiffs’ motion for entry of judgment against Joan Carp. The Carps did not appeal the denial of their motions.
The Carps also did not satisfy judgment, and the plaintiffs were ultimately compelled to commence supplementary process proceedings. Immediately thereafter, on September 15, 1992, new counsel for the Carps filed the motion for relief from judgment which is now at issue. The motion, supported by the Carps’ affidavits, alleged that Joan Carp had never authorized Gannett to file the Agreement, and that Stephen Carp “was so intimidated by the trial judge that he felt he had no choice but to authorize his attorney to sign the Agreementfor Judgment....” In opposition to the Carps’ Rule 60 motion, plaintiffs’ counsel filed an affidavit apprising the motion judge that the same “fear and humiliation” arguments had been presented to the trial judge as the sole grounds for two prior motions by the Carps to vacate their Agreement, and that the trial judge had specifically found that the Agreement had been authorized by the Carps. After a full hearing, the motion judge denied the Carps’ motion for relief from judgment, and allowed the plaintiffs’ motion for Dist./Mun. Cts. R. Civ. P., Rule 11(a) sanctions in the amount of $500.00.
1. Generally, a judgment based upon the consent or agreement of the parties is binding upon them in the absence of fraud or collusion, Thibbits v. Crowley, 405 Mass. 222, 225 n.5, 226-227 (1989); Fishman v. Alberts, 321 Mass. 280, 281 (1947), and becomes effective “for all purposes” upon the filing of the agreement and its entry on the court docket. Dist./Mun. Cts. R. Civ. P., Rule 58(a). See generally, Kacouris v. Loukas, 333 Mass. 44, 48 (1955). The authority of attorneys of record to execute and file such agreements on behalf of their clients is recognized and presumed by the courts. Medford v. Corbett, 302 Mass. 573, 574-575 (1939). Even where it is alleged that an agreement for judgment was made without the consent of the attorney’s client, a request for relief from such an agreement is addressed solely to the discretion of the trial court. Klimas v. Mitrano, 17 Mass. App. Ct. 1004 (1984).
2. Indicative of the frivolousness of the Carps’ Dist./Mun. Cts. R. Civ. P., Rule 60 (b) motionfor relief from their Agreementfor Judgmentis their failure on this appeal even to address the merits of such motion. They have instead advanced a single argument which is patently inconsistent with the record; namely, that the motion judge improperly relied on the trial judge’s Rule 59 rulings as the sole basis for his Rule 60(b)(1) order.
Both the report and docket establish that the motion judge conducted afull hearing of the Carps’ Rule 60 (b) claims. It is equally clear that the trial judge’s rulings were not confined to Dist./Mun. Cts. R. Civ. P., Rule 59 considerations. The motion labeled by the Carps as one for a new trial could not have secured Rule 59 relief because this action was concluded by an agreement for judgment rather than a trial on the merits, and because the motion was served more than ten days after the filing of the Agreement. See Dist./Mun. Cts. R. Civ. P., Rules 58(a), 59(b); Albano v. Bonanza Internat’l Develop. Co., 5 Mass. App. Ct. 692, 693 (1977). In denying the Carps’ new trial motion with the notation “motion does not cite or comply with M.R.C.P. Rule 60”, the trial judge correctly ruled that the Carps’ motion could not be considered under Rule 59 and was theoretically viable solely as a Rule 60 (b) motion for relief from judgment. Dalessio v. Dalessio, 409 Mass. 821, 832 (1991); King v. Allen, 9 Mass. App. Ct. 821 (1980). The court’s Rule 60(b) treatment of the motion was particularly appropriate given the Carps’ simultaneous filing of an identical, second motion denominated as *143 one to vacate their Agreement for Judgment.
3. There was no error in either the trial judge’s December 18,1991 denial of the Carps’ motions to vacate judgment, or in the motion judge’s denial of the substantially identical Rule 60 (b) motion for relief from judgment which is at issue on this appeal. At no time have the Carps satisfied even the threshold requirements for Rule 60 (b) (1)[5] relief that their Agreement for Judgment had resulted from some “mistake, inadvertence or excusable neglect.” See generally, Paresky v. Board of Zoning Appeal of Cambridge, 19 Mass. App. Ct. 612, 615 (1985). It was expressly conceded in both the Carps’ Rule 60 motion and in Stephen Carp’s affidavit that he actually authorized Attorney Gannett to execute and file the Agreement in question. Further, as only uncontradicted affidavits must be accepted as true for Rule 60 purposes, Id. at 615, citing Farley v. Sprague, 374 Mass. 419, 423-425 (1987), the motion judge was free to reject Joan Carp’s belated assertion that she did not personally authorize the settlement agreement. Such averment was not only contradicted by Gannett’s affidavit, but was also inconsistent with both the trial judge’s prior findings and rulings and the reasonable inferences to be drawn from the conduct of all parties.
3. Given evidence of the Carps’ consent to the Agreement for Judgment, there was no abuse of discretion in the motion judge’s rejection of the Carps’ implausible[6] “fear and humiliation” arguments as a sufficientbasisfor Rule 60 (b) (1) relief. See Grindlinger v. Grindlinger, 10 Mass. App. Ct. 823, 824 (1980).
Inherent in an agreement for judgment is “an element of contract.” Bowers v. Board of Appeals of Marshfield, supra at 34. See generally, Correia v. DeSimone, supra at 603 et. seq. The type of duress or intimidation customarily deemed sufficient to vitiate contractual consent involves a “wrongful or unlawful act or threat,” Delaney v. Chief of Police of Wareham, 27 Mass. App. Ct. 398, 406-407 (1989), which actually deprives a party of his freedom of will. Freeman v. Teeling, 290 Mass. 93, 95 (1935). There is nothing in the record which would suggest any unlawful or improper judicial conduct herein. It may be reasonably inferred that if there were any evidence of such conduct, as opposed to the Carps’ bald, conclusory allegations of the same, it would have been advanced by the Carps in support of their Rule 60(b) (1) motion.[7] In the absence of such evidence, the Carps have failed to demonstrate that the trial judge’s statements and conduct entailed anything more than a proper discharge of his judicial duty to direct the course of the trial, Commonwealth v. Campbell, 371 Mass. 40, 41 (1976); *144 Adoption of Seth, 29 Mass. App. Ct. 343, 350 (1990), by exhorting an uncooperative witness to provide more responsive answers, see, e.g. Commonwealth v. Turner, 371 Mass. 803, 813 (1977); Rosenthal v. Wickstein, supra at 946, or by curtailing the obstreperous or disruptive conduct of such witness.
5. Compounding the frivolousness of the Carps’ motion is their total disregard of the additional factors relevant to Rule 60 (b) (1) relief. See Berube v. McKesson Wine & Spirits Co., 7 Mass. App. Ct. 426,430 (1979). At no time in the trial court or on this appeal have the Carps even suggested that they have a meritorious, or indeed any, defense to the plaintiffs’ claims. See Gifford v. The Westwood Lodge Corp., 24 Mass. App. Ct. 920, 923 (1987); Kline v. Gutzler, 18 Mass. App. Ct. 901 (1984). Nor can they contend that they acted promptly in presenting the motion. Althoughsuch motion was filed within one year of the entry of the Agreement foF judgment in technical satisfaction of Rule 60(b) (1) time requirements, the grounds for such motion were obviously known to the Carps atleast as early as December, 1991 when they were first presented to the trial judge. The Carps’ nine month delay in seeking a Rule 60(b) (1) reconsideration of the same grounds permitted the court to conclude that their motion was notified within a reasonable time.
6. Both the grounds for, and the timing of, the Carps’ Rule 60(b) (1) motion indeed suggest that such motion was designed solely to obstruct the plaintiffs’ supplementary process action, thereby further delaying the Carps’ satisfaction of the Agreement for Judgment. There was, therefore, no error in the motion judge:s-allowance of the plaintiffs’ Rule 11 (a) motion for sanctions.[8] “Reasonable inquiry and an absence of bad faith,” Bird v. Bird, supra at367-368, would have prompted the realization that any Rule 60 (b) (1) request for reconsideration of the Carps’ “fear and humiliation” arguments was frivolous and in violation of the purpose and policies underlying Rule 11. See U.S. Funding, Inc. of America v. Bank of Boston Corp., 28 Mass. App. Ct. 404, 408 (1990).
There being no error, the report is dismissed.

 The Agreement provided, inter alia: for judgment for the plaintiffs against Stephen Carp in the amount of $51,900.00 and the immediate issuance of execution; for Stephen Carp’s weekly payment of $200.00 beginning August 1, 1991 through August 1, 1996 in satisfaction of the judgment; for the entry of judgment against Joan Carp in the event of Stephen’s default; and for the waiver of all rights of appeal by both Carps.

 Gannett’s affidavit states that the trial judge admonished Stephen Carp that he would be placed in the court’s cellblock if he did not answer plaintiffs’ counsel’s questions “properly”, and that the judge later “banged his hand on a lawhook” on the bench near the witness stand and again admonished Carp about his testimony. The Carps have carefully avoided any description of the conduct of Stephen Carp which lead up to the trial judge’s reprimands.
The alleged remark of plaintiffs’ counsel to Joan Carp equated her with “an overweight barnyard animal that is known to sit in mud.” Gannett did not indicate when such remark was allegedly made or if the trial judge overheard it.

 The Carps failed to allege a fraud upon the court or other egregious conduct within the purview of Rule 60(b) (3). See generally, Pina v. McGill Develop. Corp., 388 Mass. 159, 165 (1983); Winthrop Corp. v. Lowenthal, 29 Mass. App. Ct. 180, 185 (1990). Further, no “extraordinary circumstances” cognizable under Rule 60(b) (6) were operative herein. See Zarod v. Pierce, 26 Mass. App. Ct. 984 (1988) [rule 60(b) (6) relief unavailable from dismissal entered by attorney without client’s authorization because extraordinary circumstances not shown]. Compare Farrell v. Keenan, 389 Mass. 809 (1983) [Rule 60(b)(6) extraordinary circumstances present when the clearly unauthorized insurer settled plaintiff-insured’s personal injury claim and defendant’s counsel was at all times aware of such lack of authority]; Bowers v. Board of Appeals of Marshfield, 16 Mass. App. Ct. 29(1983) [Rule 60(b) (6) circumstances found in public authority’s inclusion in judgment agreement a restriction it lacked legal power to impose].

 Indicative of the credibility of Stephen Carp’s averments is his statement that the judge’s action “terrified me and at one point, I was in fear of my life.”

 Significant in its omission from the record is the relevant portion of the trial court tape which would have not only disclosed the trial judge’s exact statements and the context in which they were uttered, but also revealed the conduct of Stephen Carp as a witness which prompted the court’s admonishments. See generally, O’Brien v. Wellesley College, 346 Mass. 162, 175 (1963); Rosenthal v. Wickstein, 19 Mass. App. Ct. 944, 947. Equally significant is the absence of any indication of an objection by the Carps’ counsel which would have been the expected response to judicial conduct even approaching what the Carps’ now characterize as so “intimidating.” See generally, Commonwealth v. Paradise, 405 Mass. 141, 157 (1989); McLaughlin v. Cunningham, 13 Mass. App. Ct. 1086, 1087 (1982).

 Rule 11 (a) provides: “The signature of an attorney to a pleading constitutes a certificate by him that he has read the pleading; that to the best of his knowledge, information and belief there is good ground to support it; and that it is not interposed for delay.... For a willful violation of this rule an attorney may be subjected to appropriate disciplinary action.” By virtue of Dist./Mun. Cts. R. Civ. P., Rule 7 (b) (2), the Rule 11 term “pleading" encompasses al] motions^and wsitsupon the attorneys who sign and file them the duty “to take care that there is support for theStiahd contentions of law put forward.” Bird v. Bird, 24 Mass. App. Ct. 362, 367, 268 (1987).