Coven, J.
This is an action for breach of a contract to purchase real estate which was originally filed against William and Effie Abdelnour, the successful bidders at a foreclosure auction conducted by plaintiff Duco Enterprises, Inc. (“Duco”). The parties negotiated a settlement, the terms of which included the addition of Albert and Adele Abdelnour as party defendants and the attachment of real estate held in their name. Subsequent to the entry of judgment for Duco, the issuance of execution and notice of levy on the attachment, Albert and Adele Abdelnour (“the defendants” or “Albert and Adele”) filed a Dist./Mun. Cts. R. Civ. R, Rule 60 motion for relief from judgment on the grounds that they were not proper parties to this action, never received service or notice of the complaint, and never assented to the terms of any settlement agreement. The court denied the defendants’ motion, after hearing, and the defendants have appealed said ruling.[2]
The protracted and somewhat complex sequence of events culminating in this appeal defies concise narration. William and Effie Abdelnour (‘William and Effie”) are husband and wife; Albert and Adele Abdelnour are William’s elderly, unmarried brother and sister. Plaintiff Duco held a first mortgage in an amount in excess of $130,000.00 on property on Miscoe Road in Worcester, Massachusetts which was owned and occupied by Richard Abdelnour (“Richard”). Richard is the son of William and Effie and the nephew of Albert and Adele, and was a debtor in a Chapter 7 bankruptcy proceeding at the time in question.
Duco foreclosed on the mortgage, and conducted a public auction of the Miscoe Road property on March 2,1990. One Kressler, an attorney purportedly acting for William and Effie, successfully bid $131,000.00 for the property, paid a $10,000.00 deposit and executed a purchase agreement and memorandum of sale on behalf of William and Effie. The agreement contained a “Guaranteed Performance” clause entitling Duco to damages if William and Effie failed to complete their purchase of the Miscoe Road property.
William and Effie sought numerous postponements of the closing. In August, *104 1990, Duco finally advised them that it would no longer continue the transaction and would hold them liable for any damages resulting from their breach of the purchase agreement. One week later, William and Effie mortgaged their home, and used the $120,000.00 proceeds as part payment for the purchase of another house for Richard and his family at 12 Ida Road in Worcester, Massachusetts. William and Effie borrowed the $55,000.00 balance of the Ida Road purchase price from Albert and Adele, and placed title to the Ida Road property in the name of “Albert Abdelnour and Adele Abdelnour, husband and wife as tenants by the entirety.”
In December, 1990, Duco commenced this action against William and Effie for breach of their contract to purchase the Miscoe Road property. The complaint sought damages in the amount of $38,954.00 for the difference between William and Effie’s agreed purchase price and the lower price actually obtained at the second foreclosure sale, less William and Effie’s $10,000.00 deposit. Attorney Michael N. Abodeely, Jr. (“Abodeely”) entered an appearance as counsel for William and Effie and filed an answer oh their behalf.
On March 6, 1992, the scheduled trial date, Abodeely negotiated a settlement with Duco for the entry of judgment in Duco’s favor in the amount of $38,954.00. The stipulation and settlement agreement signed by Duco and Abodeely included a motion to amend the complaint by adding Albert and Adele as defendants, and an assented-to motion for a real estate attachment on the Ida Road property held in the name of Albert and Adele and by then occupied by Richard and his family. The court allowed both motions upon written statements by Attorney Abodeely in the settlement agreement that he represented Albert and Adele as well as William and Effie, that he had accepted service on behalf of Albert and Adele and had been authorized by them to enter into the settlement agreement.
Clause 7 of the settlement agreement prepared and negotiated by Abodeely required that any document pertaining to the settlement should be forwarded to Abodeely and not to any of the Abdelnours. On March 27,1992, Abodeely filed a written motion for the appointment of one Jacobsen as a special process server to serve Duco’s writ of attachment. Two days prior to such motion, however, Abodeely had forwarded the writ of attachment to Jacobsen with specific written instructions not to serve it on Albert and Adele, but to instead record it and return it to Abodeely’s office.
One year later, after the continued failure by William and Effie to satisfy judgment, Duco moved for a reissuance of the execution and scheduled a sheriff’s sale of the Ida Road property for April 27,1993. Abodeely’s law partner advised Richard by letter dated March 17,1993 of the scheduled sheriff’s sale and possible loss of the Ida Road house Richard occupied. Albert and Adele received a copy of this letter, and called Abodeely’s partner for some explanation. Abodeely returned their call, refused to provide any information and advised them to get a lawyer. Albert and Adele averred that this was their first contact with Attorney Abodeely and first hint that they were involved in any legal proceeding.
Albert and Adele immediately retained counsel who filed suit in the Superior Court to enjoin the sheriff’s sale on the grounds that Abodeely’s representations were fraudulent and that Albert and Adele had never retained Abodeely, and never received service of Duco’s complaint or notice of any attachment of property held in their name. The Superior Court ordered a one month postponement of the sheriff’s sale to permit Albert and Adele to file a motion to vacate the District Court judgment.
Albert and Adele then filed the Dist./Mun. Cts. R. Civ. P., Rule 60(b) (6) motion for relief from judgment which is at issue on this appeal. Their supporting, uncon-troverted affidavit indicates that they had borrowed $55,000.00 to loan to William and Effie so that William and Effie could purchase a new home for Richard, and that they were using their social security and disability checks to repay the loan. They further averred that they had never heard of Duco Enterprises, and had no *105 knowledge that it was Duco who had foreclosed on Bichard’s Miscoe Road property or that Duco had filed a lawsuit against William and Effie; they never received notice or service of Duco’s complaint; they never knew or retained Abodeely, or authorized his inclusion of them as defendants in Duco’s suit against William and Effie; and they had not been informed of, much less given their assent to, any agreement for judgment or attachment of real estate.
1. Rule 60(b) (6) of the Dist./Mun. Cts. R. Civ. P. permits relief from judgment only upon a demonstration that such relief is justified on the basis of extraordinary circumstances, Henderson v. D’Annolfo, 15 Mass. App. Ct. 413, 425 n.15 (1983), beyond those cognizable as grounds for relief under Rule 60(b) (l)-(b) (5). Parrell v. Keenan, 389 Mass. 809, 814 (1983). For this reason, Rule 60(b) (6) is characterized as “mea-gre in scope.” Bowers v. Board of Appeals of Marshfield, 16 Mass. App. Ct. 29, 33 (1983). However correct such characterization, it sometimes obscures the essential fimction of Rule 60(b)(6) “to preserve the delicate balance between the finality of judgment and the incessant command of the court’s conscience that justice be done in the fight of all the facts.” J.W. SMITH & H.B. ZOBEL, RULES PRACTICE, §60.15 (1983 Supp.), quoting from Winthrop Corp. v. Lowenthal, 29 Mass. App. Ct. 180, 188 (1990). In making a Rule 60 (b) (6) determination, a trial judge must not only consider whether the moving party has a meritorious claim or defense, whether extraordinary circumstances warrant relief and whether the substantial rights of the parties are implicated, Parrell v. Keenan, supra at 815, but must also remain cognizant that the primary purpose of Rule 60 (b) (6) is “to accomplish substantial justice.”Freitas v. Freitas, 26 Mass. App. Ct. 196, 198 (1988).
2. Consistent with such purpose and prerequisites to relief, a Rule 60(b)(6) motion has been deemed particularly appropriate to remedy “sufficiently fundamental flaw[s]” such as lack of notice to the moving party of a hearing, motion or trial. Bushnell v. Bushnell, 393 Mass. 462, 474 (1984). See also, Chavoor v. Lewis, 383 Mass. 801, 806 (1981). Such relief has also been afforded where a claim has been settled or a judgment entered without the consent or knowledge of the Rule 60 moving party. See Parrell v. Keenan, supra at 816. Given the availability of Rule 60(b) (6) refief in such cases, there can be no doubt of the propriety of relief in the compelling circumstances of this case wherein the Rule 60(b) (6) moving parties were added as party defendants without any service or notice of the complaint, pursuant to an agreement for judgment they never authorized, which was executed by an attorney who did not represent them, to settle a lawsuit of which they had no knowledge, which arose from the breach of a contract to which they were not parties.
3. The grounds advanced by the defendants for Rule 60(b) (6) relief from judgment were set forth in a factually detailed affidavit which remained uncontro-verted. The trial court was thus required to accept as true all of the defendants’ uncontroverted averments, Farley v. Sprague, 374 Mass. 419, 423-424 (1978), which established that Albert and Adele were improperly added to this action as party defendants, without service or notice, and that these defendants never authorized or consented to any agreement for judgment or attachment of property. Documents signed by Abodeely, including his letter to process server Jacobsen and the settlement agreement itself, which were submitted with the defendants’ Rule 60(b) (6) motion substantiate their averments that they never received service or notice of Duco’s complaint, writ of attachment or the settlement agreement, and strongly suggest that Abodeely consciously and intentionally kept these documents from the defendants.
4. Where, as in the instant matter, “a judgment purporting to be by consent turns out not to have been not so in fact, a case would seem to be made out for relief ... ” under Rule 60(b). Paresky v. Board of Zoning Appeal of Cambridge, 19 Mass. App. Ct. 612, 615 (1985). While Rule 60(b) motions are addressed to the sound discretion of the trial judge, “[w]e doubt the present record left room for discretion... but if it is thought to have done so, we would rule that discretion was *106 abused.” Id. at 616.
Accordingly, the trial court’s denial of the defendants’ Dist./Mun. Cts. R. Civ. R, Rule 60(b) motion for relief from judgment is reversed, and the judgment entered against Albert and Adele Abdelnour is hereby vacated. This matter is returned to the Newton Division for further proceedings consistent with this opinion.
So ordered.

 Neither party has raised in briefs or oral argument to this Division the fact that the trial judge’s report in this matter was not settled within three months of the filing thereof in compliance with the procedural requirements of Dist./Mun. Cts. R. Civ. R, Rule 64(c) (5). See Brown v. Quinn, 406 Mass. 641 (1990). In any event, such Rule provides that this Division may extend the time for draft report settlement for cause shown. In the interests of justice, G.L.c. 231, §110, and on the basis of the compelling, substantive claims and fundamental interests presented, we have considered this appeal on its merits.