NATIONAL CAR RENTAL SYSTEM, INC. *vs.* MILLS TRANSFER COMPANY. January 29, 1979. By this action the plaintiff (National) seeks damages

and rescission of an instrument by which it released the defendant (Mills Transfer) from obligations under certain guaranties. The plaintiff alleged that it was induced to execute the release as a result of certain fraudulent misrepresentations made by one Richard J. Fenick, the president and sole stockholder of two holding companies, Fenick Industries, Inc., which wholly owned the defendant, and Baltimore Security Warehouse Company, Inc. (Warehouse), which wholly owned Alcoholic Beverage Delivery Company (Alcoholic) and Boyd Transfer Company (Boyd). Fenick was also the president of the defendant, of Alcoholic, of Boyd, and of several other related companies. In the course of the negotiations pertaining to the transaction at issue Fenick Industries, Inc., was substituted for the defendant as guarantor. A District Court judge sitting in the Superior Court under statutory authority found that "no misrepresentations of existing material facts were made by Fenick personally, or on behalf of any of the companies which he controlled. National voluntarily and without fraudulent inducement accepted Fenick Industries as guarantor in place of Mills Transfer." The judge entered judgment for the defendant and dismissed the amended complaint. On appeal the plaintiff challenges the sufficiency of this finding, contending that the court should have made subsidiary findings with regard to each misrepresentation alleged and that the finding therefore does not comply with Mass.R.Civ.P. 52(a), 365 Mass. 816 (1974), which requires the court to "find the facts specially and state separately its conclusions of law thereon. . . ." In reviewing a trial judge's conclusions, it is our duty to draw our own inferences and reach our own conclusions from the judge's subsidiary findings, which will not be set aside unless clearly erroneous. *Sanguinetti* v. *Nantucket Constr. Co.*, 5 Mass. App. Ct. 227, 228 (1977). See *Matsushita Elec. Corp. of America* v. *Sonus Corp.*, 362 Mass. 246, 250-251 (1972). Where the judge has made no subsidiary findings and the evidence is reported, as here, we may make such additional findings of fact as may be justified by the evidence. *Paone* v. *Gerrig*, 362 Mass. 757, 759 (1973). *Sanguinetti* v. *Nantucket Constr. Co., supra.* See also *Hanrihan* v. *Hanrihan*, 342 Mass. 559, 564 (1961), cited with approval in *Building Inspector of Lancaster* v. *Sanderson*, 372 Mass. 157, 161 (1977). The plaintiff asserts, among other things, that Fenick represented that Alcoholic owned valuable — between $50,000 and $75,000 — ICC rights which could be transferred to National when in fact Alcoholic had no ICC rights at all. Fenick testified that he had not told the plaintiff's agents that Alcoholic had ICC rights but rather that "there was an application pending for rights." However, he also testified that the application was in fact made by Boyd, not by Alcoholic. Although both companies were wholly owned subsidiaries of Warehouse, of which Fenick was both president and sole stockholder, the purported assignment of the ICC rights to National which was drawn up referred only to rights of Alcoholic and made no reference to any assignment of rights of Boyd. We therefore conclude that Fenick did misrepresent to National that Alcoholic had or had applied for ICC rights, when in fact Alcoholic neither had nor had applied for such

rights. A misrepresentation is material if it is shown that the misrepresentation was one of the principal grounds, though not necessarily the sole ground, that caused the plaintiff "to take the particular action that the wrongdoer intended he should take as a result of such representations and that otherwise he would not have taken such action." *National Shawmut Bank* v. *Johnson*, 317 Mass. 485, 490 (1945). *Kabatchnick* v. *Hanover-Elm Bldg. Corp.*, 331 Mass. 366, 371 (1954). See *Levy* v. *Bendetson*, 6 Mass. App. Ct. 558, 563-564 (1978). See also Restatement of Contracts § 476, Comment c (1932). The purported assignment of ICC rights was prepared during the negotiations in which Fenick sought the release of Mills Transfer from the guaranty. National's director of credit, Matthew J. Waters, testified that he released the guaranty based on "all the facts," including a promissory note from Fenick Industries to National, a guaranty of Fenick Industries, and the assignment of the ICC rights at issue, and that he "would not have released the guaranty if he had known that Alcoholic did not own ICC rights." Fenick also testified that the purpose of the assignment of ICC rights was to provide additional security for the indebtedness of Fenick Industries if (and when) Fenick Industries should be made guarantor in place of Mills Transfer. We believe that this was a misrepresentation of a material fact (see Restatement of Contracts § 470[2] [1932]) on which the plaintiff had a right to and did rely. See *Golding* v. *108 Longwood Ave., Inc.*, 325 Mass. 465, 467-468 (1950). Thus, the judge's finding that Fenick made "no misrepresentations of [any] existing material facts" is not supported by the evidence and is "clearly erroneous" within the meaning of Mass.R.Civ.P. 52(a). See *Sanguinetti* v. *Nantucket Constr. Co.*, *supra* at 228; *Levy* v. *Bendetson*, *supra* at 562. National is therefore entitled to rescission of its release. *Boston Five Cents Sav. Bank* v. *Brooks*, 309 Mass. 52, 55 (1941). *Kannavos* v. *Annino*, 356 Mass. 42, 50 (1969). See *Gishen* v. *Dura Corp.*, 362 Mass. 177, 184 (1972). See also Restatement of Contracts § 476 (1932). The judgment is reversed, and the case is remanded to the Superior Court for further proceedings based on the premise that Mills Transfer has not been released from its original contract of guaranty.

*So ordered.*

*Allan Eizman* (*Jerry E. Benezra* with him) for the plaintiff.
*Warren G. Miller* for the defendant.