MARY A. DEMETER *vs.* GEORGE P. DEMETER. March 4, 1980. In this action for equitable relief brought in a Probate Court, the plaintiff alleged that the defendant, her former husband, fraudulently deprived her of her interest in the marital home by falsely representing to her that the property was going to be foreclosed due to his inability to make mortgage payments. The judge concluded that the conduct of the defendant did not constitute fraud upon the plaintiff. We disagree.

In reviewing a trial judge's conclusions, it is our duty to draw our own inferences and reach our own conclusions from the judge's subsidiary findings, which will not be set aside unless clearly erroneous. *Building Inspector of Lancaster* v. *Sanderson,* 372 Mass. 157, 161 (1977). Where the evidence is reported, as here, we may make such other and additional findings of fact as we deem to be justified by the evidence. *Id.* See *Taylor* v. *Lassell,* 4 Mass. App. Ct. 539, 540 (1976); *National Car Rental System, Inc.* v. *Mills Transfer Co.,* 7 Mass. App. Ct. 850 (1979). We conclude that the defendant's words and conduct concerning his inability to maintain the former marital home amply demonstrate that there was an ongoing fraudulent scheme, the centerpiece of which was the defendant's statement to the effect that the "house was going down the tube." That statement was a misrepresentation of a material fact on which the plaintiff had a right to and (as the judge impliedly found) did rely. *Id.* at 852. See *Powell* v. *Rasmussen,* 355 Mass. 117, 119 (1969), quoting *Page* v. *Bent,* 2 Met. 371, 374 (1841) (Shaw, C.J.). The statement was false, when made, the defendant knew it was false at the time, and it was intended to be and was a contributing factor in inducing the plaintiff to relinquish her interest in the marital home, or to take no action to preserve her interest in it. See *Snyder* v. *Sperry & Hutchinson Co.,* 368 Mass. 433, 444-445 (1975). Compare *Levy* v. *Bendetson,* 6 Mass. App. Ct. 558, 563-564 (1978). It induced as well, and the judge so found, the procurement of the stipulation which modified the court order for support. Moreover, the existence of a fraudulent scheme is manifest from the use of a chain of straws by the defendant for his repurchase of the premises at the foreclosure sale.

The defendant's reliance on *Licker* v. *Gluskin,* 265 Mass. 403 (1929), and *Childs* v. *Childs,* 293 Mass. 67 (1935), is misplaced, as both those cases are inapposite to the present circumstances. See in this regard the recent case of *Krokyn* v. *Krokyn,* 378 Mass. 206, 211 (1979).

The judgment is reversed, and the case is remanded to the Probate Court to fashion appropriate relief based on the premise that the scheme perpetrated by the defendant to induce the plaintiff to relinquish her interest in the former marital home was fraudulent.

*So ordered.*

*Richard D. Clarey (George C. Deptula* with him) for the plaintiff.
*Irving M. Smolker* for the defendant.