MICHELE S. GRINDLINGER *vs.* GENE A. GRINDLINGER (and a companion case). July 2, 1980. On April 24, 1979, at the brink of trial, Gene A. Grindlinger (husband) and Michele S. Grindlinger (wife) entered into a separation agreement. The next day the parties signed a retyped copy of that agreement, and it was incorporated into judgments[1] of divorce nisi entered on that same date, April 25, 1979, with the proviso that the agreement was to survive and have independent significance.

About seven weeks later the husband moved pursuant to Mass.R.Dom. Rel.P. 60(b) (1975) for relief from the judgments on the ground that on April 24, when he had been at the courtroom door on the first scheduled day for trial, he was so befogged with fatigue and anxiety that his signed assent to the separation agreement was obtained by coercion, duress and undue influence. Leaving behind the observation that sleeplessness and distraction are the norm for persons on the threshold of divorce, the disposition of a motion for relief from judgment under rule 60(b) is, of course, in the discretion of the trial judge, and no clear abuse of discretion appears on this record. *Davis* v. *Boston Elev. Ry.*, 235 Mass. 482, 496 (1920). *Trustees of Stigmatine Fathers, Inc.* v. *Secretary of Admn. and Fin.*, 369 Mass. 562, 565 (1976). *Berube* v. *McKesson Wine & Spirits Co.*, 7 Mass. App. Ct. 426, 433-435 (1979). Implied in the judge's action is a finding by him that the affidavit furnished by the husband in support

---

[1] Judgments of divorce nisi were granted on cross-complaints.

of his motion for relief from the judgments had not made it appear that the court ought to exercise its discretionary authority to reopen the case. *Lye* v. *Lye*, 322 Mass. 155, 157-158 (1947). *Gilman* v. *Gilman*, 327 Mass. 143, 145-146 (1951). The husband carried the substantial burden of persuading the judge not to apply the general rule that, in the absence of fraud, a person who signs a written agreement is bound by its terms whether he reads and understands it or whether he can read. *Gifford* v. *Gifford*, 354 Mass. 247, 248 (1968). The case stands in a different factual setting from that in *Patapoff* v. *Vollstedt's, Inc.*, 267 F.2d 863, 865 (9th Cir. 1959), which involved waiver of a meritorious defense apparent on the record and misapprehension on the part of the trial judge that the plaintiff's rights were otherwise protected; and it is different from *Spann* v. *Commissioners of D.C.*, 443 F.2d 715 (D.C. Cir. 1970), in which the court allowed a motion to revive and reinstate an action after breakdown of a settlement agreement on a record where the trial judge had reopened the case against one defendant without explaining his refusal to reopen it as to the other defendants.

We perceive no error in the denial of the husband's motion for an evidentiary hearing on the rule 60(b) motion. The judge apparently concluded from the husband's affidavit, taking all factual assertions in it as uncontradicted, that while the husband had made a morning-after determination that the agreement he had signed was ill-advised and burdensome, this was not a legally sufficient ground for reopening the case. See *Farley* v. *Sprague*, 374 Mass. 419, 423-425 (1978).

The orders denying the motions for relief from the judgments and for an evidentiary hearing thereon are affirmed. The appeals from the orders denying the husband's other motions, not having been argued, are dismissed.

*So ordered.*

*Donald G. Tye* for Gene A. Grindlinger.
*Gerald L. Nissenbaum* for Michele S. Grindlinger.