LISELOTTE K. GINER *vs.* JOSE D. GINER. May 6, 1981. On August 17, 1977, Mrs. Giner (the wife) sought a divorce from Giner (the husband) alleging cruel and abusive treatment. On January 17, 1978, a motion to amend the complaint to allege irretrievable breakdown of the marriage was allowed. On that date, an order was entered that the breakdown indeed was irretrievable. A separation agreement that day worked out by the parties was approved by a probate judge. This agreement was to be incorporated in the absolute decree "but not merged." See *Salvesen* v. *Salvesen*, 370 Mass. 608, 609-610 (1976); Lombard, Family Law § 1263 (1967 & 1979 Supp.). On July 17, 1978, judgment of divorce nisi was entered. No appeal was claimed from this judgment nisi.

On November 20, 1978, the wife filed with the court a document entitled "Plaintiff's Complaint for Objections to Decree Nisi Becoming Absolute and Plaintiff's Affidavit as to Objections to Divorce Judgment Nisi Becoming Absolute, and Petition to Revoke Decree Nisi" (complaint). Simultaneously with service of this document there appears to have been served on the husband a "Motion for Stay of Divorce Judgment Nisi," but the table of contents of the record appendix notes that this was "served but not filed in court." There is no docket entry showing filing of this motion. That the husband received the wife's motion for a stay is indicated by an affidavit filed by him, which does not appear on the docket, but is entitled "Defendant's Response and Affidavit in Support of his Motion to Dismiss Plaintiff's Motion to Stay." On November 20, 1978, the husband's attorney filed a motion to dismiss the wife's complaint. Thereafter the husband filed an answer to the complaint.

The complaint filed by the wife on November 20, 1978, alleged duress in the preparation of a settlement agreement, approved by the probate judge on January 17, 1978, and fraudulent misrepresentation by the husband concerning his own financial condition and that of his allegedly wholly owned research and development corporation, Giner, Inc. The husband's answer to the wife's complaint put in issue many allegations of that complaint, and also averred that a meeting of the parties and their counsel on January 17, 1978, was the third occasion on which the husband and the wife and their respective counsel had spent extended periods of time negotiating and that on each previous occasion, the wife had indicated agreement with the terms of a settlement only thereafter to change her mind and increase her demands.

On April 27, 1979, the wife's new attorney filed a request for production by the husband of a long list of documents of the husband and Giner, Inc. for examination pursuant to Mass.R.Dom.Rel.P. 34 (1975). To this request the husband filed a motion for a protective order, asserting (among other objections) that the request was unduly burdensome, and that the husband was not the sole stockholder of Giner, Inc. A motion in behalf of the wife to enforce the demand was denied.

On October 12, 1979, the wife substituted for paragraph (2) of her complaint a new paragraph (2) containing a revised affidavit. (Amended complaint.) The amended complaint set forth under a heading reading "(2) Willful and Knowing Misrepresentation of Assets and Income; Willful and Knowing Concealment of True Net Worth," a somewhat expanded statement of objections (with respect to alleged misrepresentation or concealment of assets by the husband) to the judgment nisi becoming absolute.

The wife's counsel thereafter filed a second motion to compel production of documents and served notices of intention to take depositions of two witnesses. To these motions and notices the husband's counsel filed (a) a new request for a protective order, and (b) a second motion to

dismiss on the ground that the wife's objections were frivolous. After a hearing, this motion was allowed on December 17, 1979, and the wife's amended complaint was dismissed "without prejudice." The wife claimed an appeal from this order of dismissal, from the denial of her motions to compel the production of documents, and from an order of December 17, 1979, prohibiting the wife from taking two depositions.

1. There was no appeal from the entry of the judgment of divorce nisi, so the running of the nisi period was not stayed under Mass.R.Dom.Rel.P. 62(g) (1975).

2. There is no proceeding for summary judgment in domestic relations matters, for the substance of Mass.R.Civ.P. 56, 365 Mass. 824-826 (1974), has been deleted from the rules made applicable in such matters. The somewhat anomalous complaint, therefore, could not be made the subject of a motion for summary judgment.

3. No stay was in fact obtained from any probate judge concerning the running of the nisi period. The wife's motion for such a stay served on the husband on November 20, 1978, is not shown on this record to have been filed in court or allowed. As will be seen in part 4 of this opinion, *infra*, this is one cause of the wife's difficulties.

4. The wife must rely on the provisions of Mass.R.Dom.Rel.P. 58(c) for any stay of the nisi period on the basis of her filing of the amended complaint now before us which does contain objections to a judgment of divorce absolute. That rule somewhat obscurely provides that "[t]he judgment shall not become absolute until such objections have been disposed of by the court." Promptly upon the allowance of the husband's second motion to dismiss the amended complaint on December 17, 1979, an entry was made on the docket that the "[d]ecree nisi [had become] absolute by statute, as of January 17, 1979, per Rule 58." No appeal from the order of dismissal and other orders of December 17, 1979, was filed by the wife until January 4, 1980. In the circumstances, once the dismissal order of December 17, 1979, had been entered, the entry of the judgment of divorce absolute was required by Mass.R.Dom.Rel.P. 58(c). See G. L. c. 208, § 21, as amended through St. 1975, c. 400, § 26. This appears to make moot as objections to the judgment, the amended complaint and the appeal from its dismissal. See *Scholz* v. *Scholz*, 367 Mass. 143, 144-145 (1975). Thus the wife, if she desires to pursue her efforts to set aside or modify the separation agreement, is under the necessity of filing a new independent action or motion (containing adequate and specific allegations justifying relief) meeting in all respects the requirements of Mass.R.Dom.Rel.P. 60(b) or of a separate proceeding seeking reformation of, or change in, the settlement agreement.

There is before us no transcript of the hearings on the orders entered on December 17, 1979. There has not been included in the record any statement of the evidence, if any, then presented or offered, or any agreed statement pursuant to Mass.R.A.P. 8(c) or (d), as appearing in 378 Mass. 933-934 (1979).

The record thus does not reveal what took place at the hearing leading to the order and judgment of dismissal, or what, if any, grounds were then stated by the probate judge for her action.

5. Because similar issues may arise if the wife decides to seek relief under Mass.R.Dom.Rel.P. 60(b) (1975) we consider briefly the propriety of the action of the probate judge in dismissing the wife's amended complaint. When the wife filed (see Docket Item 39) on October 12, 1979, her amended affidavit, supplementing the complaint pursuant to prior order or permission of the probate judge, she amended only count (2) of her complaint. Assuming that the wife intended no abandonment of the other counts of the original complaint, the other counts, in any event, insufficiently alleged facts constituting grounds for relief. Count (1) refers to settlement negotiations which had taken place just before or at the time of a court hearing scheduled for January 17, 1978, but alleges no facts showing the settlement resulting from those negotiations to have been void or voidable. Count (3) alleges in effect merely that on January 17, 1978, in anticipation of a contested hearing, she was medicated with a tranquilizer. Count (4) in effect alleges that after negotiations on January 17, 1978, from 9:30 A.M. to 3:30 P.M., without a break for food or rest, she was exhausted and confused and agreed to a settlement recommended by her own counsel, under the impression (not alleged to have been induced by the husband or caused by any improper action or advice of her own counsel) that the agreement was a temporary one. Count (5) states that on January 17, 1978, she amended her complaint from one based on "cruel and abusive treatment" to one based on "irretrievable breakdown of the marriage" after advice from her own counsel that her right to support would not thereby be affected. Count (6) asserts only that she "has determined that the agreement" signed by her is "unconscionable, inequitable, lacking in reciprocity and otherwise unfair" and that the husband "has refused any amendment to the agreement." The allegations of counts (1), (3), (4), and (5) state no basis for relief. The allegations of count (6) fail to assert facts, as opposed to vague and general conclusions, which require any modification, rescission, or reformation of the settlement agreement, approved by the judge on January 17, 1978.

The wife's amendment of count (2) filed October 12, 1979, asserts in a heading that there has been a wilful and knowing misrepresentation of assets and income (by the husband) and then alleges various facts with respect to transactions of the husband without any averment that the husband knowingly or recklessly misrepresented or concealed any relevant information, or that she reasonably relied upon (and was misled by) the alleged misrepresentation to her damage, and was thereby induced to agree to the separation agreement. The allegations fail to meet the requirements of particularity set out in Mass.R.Dom.Rel.P. 9(b) (1975) as to claims of fraud or duress. They fall short of those which were held adequate to withstand a motion to dismiss in *Friedman* v. *Jablonski*, 371

Mass. 482, 487-488 (1976), and *Jessie* v. *Boynton*, 372 Mass. 293, 302-304 (1977). See generally *Murray* v. *Murray*, 9 Mass. App. Ct. 840, 841 (1980); *Grindlinger* v. *Grindlinger*, 10 Mass. App. Ct. 823, 824 (1980). Compare *Demeter* v. *Demeter*, 9 Mass. App. Ct. 860 (1980). They are undoubtedly subject to a motion for a more definite statement under Mass.R.Dom.Rel.P. 12(e) (1975).

6. The dismissal without prejudice of the wife's objections to the judgment of divorce nisi and the orders denying to the wife further discovery are respectively affirmed, without prejudice, as follows: the wife, if so advised, in this or a separate proceeding (a) may seek further relief (including any appropriate discovery) under rule 60 (b) or (b) by way of a complaint or otherwise may request reformation, modification, or rescission of the separation agreement on any ground.

*So ordered.*

*Stephen M. Winnick* for the plaintiff.
*Richard D. Packenham* for the defendant.