GORDON L. HOWLAND & another[1] vs. BOARD OF APPEALS
OF PLYMOUTH & another.[2]

Plymouth.  November 10, 1981. — May 14, 1982.

Present: GRANT, CUTTER, & SMITH, JJ.

*Zoning,* Special permit, Variance, Parking requirements.

A decision of the board of appeals of Plymouth, to the effect that the
    operator of a restaurant on a parcel of land on the town wharf did not
    need a variance from the off-street vehicular parking requirements of
    the zoning by-law because of the availability of municipal parking
    space, was in excess of the board's authority where the by-law, as con-
    strued by this court, required the possessor of the restaurant use, and
    not the town as lessor, to provide the prescribed parking space. [522-
    523]

CIVIL ACTION commenced in the Superior Court on March
25, 1977.

The case was heard by *Mone,* J.

*Robert D. Cultice* (*Carl K. King* with him) for the plain-
tiffs.

*Lothrop Withington, III,* for Douglas Torrance.

SMITH, J.  Douglas Torrance is the owner and operator of
Wood's, a seafood restaurant and market located on a
parcel of land on the town wharf in Plymouth.  He sought
from the board of appeals a special permit to add a second
story and deck to the restaurant.  He also requested: (1) a
variance from the pertinent Plymouth by-law provisions

---

[1] Mayflower Seafoods Company, Inc.  The judge ruled that Mayflower
was not an "aggrieved person" and Mayflower appealed.  Because How-
land is clearly an "aggrieved person" it is unnecessary for us to decide
whether Mayflower also enjoys that status.  See *Save the Bay, Inc.* v.
*Department of Pub. Util.,* 366 Mass. 667, 672 (1975).

[2] Douglas Torrance.

relating to off-street parking, and (2) a variance for the expansion of a nonconforming structure. The board granted the special permit but refused the variance as to off-street parking, stating that Lot 78 (the town wharf) has "adequate parking for the uses located on it, and no [v]ariance under [s]ections 305.01 through 306.05 of the Zoning By-law is required."[3] The plaintiff Howland and Mayflower Seafoods Company, Inc., a lessee of Howland, sought review of the decision in the Superior Court. After a hearing, a judge of that court entered a judgment stating that the decision of the board granting the special permit was within its authority. The plaintiffs filed a joint appeal, claiming error in that the findings of the board and the judge failed to demonstrate that the statutory and by-law conditions in regard to off-street parking requirements and off-street loading requirements had been satisfied. See *Vazza Properties, Inc.* v. *City Council of Woburn*, 1 Mass. App. Ct. 308, 311 (1973), where the court stated that the board must make an "affirmative finding as to the existence of each condition of the statute or by-law" required for the granting of the special permit and "the judge . . . must find independently that each of these conditions is met."

Because the restaurant is located in a waterfront district, it is a special permit use subject to by-laws involving environmental design conditions which include not only the general standards but also certain parking requirements. The relevant zoning by-law, set out in the margin,[4] states

---

[3] The board also denied the requested variance for the expansion of a nonconforming structure. The board stated that the variance was not required, provided that the construction performed under the special permit did not extend the easterly boundary of the structure so as to increase its nonconformity under the by-law. Torrance filed a complaint in the Superior Court with respect to the denial of the variance, and it was consolidated with the plaintiffs' complaint. The judge entered judgment upholding the board's decision relative to the variance. Torrance did not appeal.

[4] "*305.01 Off-Street Parking Required Within 400 Feet*

"Off-street parking spaces and necessary maneuvering space shall be required in all districts according to the ratios established under Section

that "[r]equired parking spaces shall be on the same lot as the principal use served, or if not reasonably possible, on other property in the same district within 400 feet of the principal building." In addition, § 305.11 of the zoning by-law establishes the ratio of required parking spaces that is necessary with respect to the building to be not less than "[o]ne space for each three (3) seats or one space for each 50 square feet of gross floor area, whichever is greater." The judge ruled that under the definition of "lot" contained in the zoning by-law,[5] the area upon which Wood's is located is not a lot but is a "parcel" of Lot 78 which, in turn, is owned by the town of Plymouth. Based upon that finding, the judge concluded that "ample parking exists, owned by the owner of Lot 78 (The Town of Plymouth), within the confines of Lot 78 and within 400 feet of Wood's," and therefore, that the required standards for parking set out in the zoning by-law had been met. We disagree.

The uncontradicted evidence was that Torrance leased land with definite boundaries from the town of Plymouth. There was no evidence that Torrance had any leasehold or other legal interest in that part of Lot 78 not occupied by the restaurant and market. By the use of language that required parking to be located "on the same lot as the principal use served," it was the intent of the zoning by-law to

---

305.11 below. Required parking spaces shall be on the same lot as the principal use served, or if not reasonably possible, on other property in the same district within 400 feet of the principal building.

"Such off-premises parking shall be in possession, by deed or lease, of the owner of the use served. Such required parking shall thereafter be associated with and maintained for the use established and shall not be reduced or encroached upon. The owner of any property to be used for any off-premises parking shall sign a recorded declaration of restrictions with the Town of Plymouth binding the property to prescribed use as parking until such time as said restriction shall be released by an instrument of the owner and the Town of Plymouth.

"The Board of Appeals may, on appeal or reference from the Building Inspector, make such modifications in the standards or prescribe safeguards and conditions as it shall warrant appropriate."

[5]"*Lot* — An area of land in one ownership with definite boundaries recorded in the Registry of Deeds or in the Land Court."

have parking located on the premises where the use was located, if possible. The language in the by-law shows that it is the person who possesses the special use who must have the required number of public parking spaces (see note 4, second par., *supra*), not the owner of the "lot" or "parcel" on which the use[6] will be located. The uncontradicted evidence was there was not enough room on the leased land for parking, with the result that Torrance was required by the by-law to make other arrangements on land located within 400 feet of the principal building. The zoning by-law specifically states that "[s]uch off-premises parking shall be in possession, by deed or lease, of the owner of the use served." There was no evidence that Torrance had leased from the town the required parking spaces on Lot 78.[7] In addition, the by-law required the specific application of a mathematical formula and the judge's finding of "ample parking" did not comply with the formula. *Josephs* v. *Board of Appeals of Brookline,* 362 Mass. 290, 299 (1972).

Because of our decision, it is not necessary to discuss the off-street loading requirement issue.

Paragraph no. 2 of the judgment is reversed, and a new judgment is to be entered annulling the decisions of the board of appeals as in excess of its authority.

*So ordered.*

---

[6] The word "use" is defined in § 102 of the zoning by-law as "[t]he purpose for which land or a structure is arranged, designed, or intended, or for which either land or a building may be occupied or maintained."

[7] There was uncontradicted evidence that other businesses located on the town wharf had leases with the town for parking on Lot 78.