ROBERT E. INNIS vs. GERTRUDE FRANCES INNIS.

No. 92-P-535.

Worcester. May 10, 1993. - August 9, 1993.

Present: SMITH. KAPLAN. & GREENBERG. JJ.

*Divorce and Separation.* Relief from judgment, Reopening of proceedings.

A Probate Court judge properly denied a party's motions seeking, in effect,
to undo a judgment nisi of divorce, where the grounds urged in support
of the motions, although known to the wife and her counsel at the hear-
ing on the complaint for divorce, had not been placed on the record at
that time. [117-118]

COMPLAINT for divorce filed in the Worcester Division of
the Probate and Family Court Department on April 22,
1990.

The case was heard by *Arline S. Rotman*, J., and posttrial
proceedings were also heard by her.

*Isabella Jancourtz* for Gertrude Frances Innis.

*John S. McCann* for Robert E. Innis.

KAPLAN, J. The husband, Robert E. Innis, on April 22,
1990, sued his wife, Gertrude Frances Innis, for divorce on
the ground of cruel and abusive treatment. The wife re-
sponded on May 23 with an answer and a counterclaim seek-
ing divorce on like grounds. After an interval of some six
months, on November 13, the husband requested trial, and a
judge of the Probate Court on November 30 notified the par-
ties that a pretrial conference would be held on February 13,
1991. The notice stated that in certain stated events[1] the case
could be ordered to trial on that day. (See similar notices in

---

[1]If the parties would be the only witnesses, or one party would not pre-
sent a case, or, in the judge's discretion, trial was necessary to accomplish
justice.

*Beninati* v. *Beninati*, 18 Mass. App. Ct. 529, 530 [1984]; *Botsaris* v. *Botsaris*, 26 Mass. App. Ct. 254, 255 [1988].)

On January 22, the wife, having dismissed her then current counsel, retained present counsel. The parties and their counsel had a "four way" brief meeting in attempted preparation for the pretrial conference.

The conference took place as scheduled on February 13 with the parties and their counsel present. With the help of the court mediator, and with intercessions by the judge in chambers, the parties prepared a stipulation regarding property disposition and other things.

Then, in open court, the parties through counsel presented the stipulation for approval. The colloquy ran to fifteen pages of transcript. The wife answered the judge's question about insurance coverage. The judge asked whether the parties had any questions; the husband had a couple, as did the wife, and the judge responded. The parties answered affirmatively to the questions whether they understood the stipulation and whether their signatures would be voluntary. There was an interchange in which husband and wife participated about who would occupy the marital home pending its conveyance to the husband under the stipulation. The judge made a number of suggestions for inclusion in the stipulation which were adopted. On the same day, February 13, the judge entered a judgment nisi which incorporated the stipulation as finally agreed to and signed by the parties and counsel.

Two months later, on April 3, 1991, the husband filed a complaint for contempt against the wife for her failure to convey the marital home. On April 25, the wife filed motions under Mass.R.Dom.Rel.P. 58(c)(1989) (objections to judgment nisi) and 60(b)(6)(1975) (relief from judgment).

The complaint and motions were considered in argument before the judge on May 13, 1991. The wife was required to make the conveyance and finally did so. We are not concerned with this phase.

The present appeal is from the judge's order denying the wife's motions in effect to undo the judgment nisi.[2] The motions were supported by affidavits of the wife and her counsel. In summary, the grounds asserted in the papers were: that, in her intercessions before the hearing on February 13, the judge had made it known that, if a stipulation was not agreed to, she would order immediate trial; that the judge was overbearing toward the wife and biased against her and her counsel, while, by contrast, showing favor to the husband's cause and his counsel; that the wife, who was subject to clinical depressions and had recently been diagnosed with Parkinson's disease, was under severe mental and emotional strain on February 13; that she was greatly distressed at the prospect of having to go to trial that day and accepted unfavorable terms of the stipulation in order to avoid so dismaying an event. Also pressed in argument were various terms of the stipulation claimed to be unfair to the wife.

The judge denied the motions upon the papers, without according an evidentiary hearing. The critical point, which, without more, justifies the judge's action, is that the wife's counsel manifestly was aware on February 13 of the matters later tendered in support of the motions. Yet at the hearing on February 13 she did not place any of these matters on the record. Rather she advised agreement to the stipulation as incorporated in the judgment nisi. She did not apply for a continuance. (See *Botsaris* v. *Botsaris*, 26 Mass. App. Ct. at 255-258, in which the denial of a motion for a continuance, made of record in open court with strong supporting reasons, was held to be material error.) Compare *Beninati* v. *Beninati*, 18 Mass. App. Ct. at 530-534.

Nothing could be said for a procedure by which judgments of a court might be attacked collaterally on grounds that counsel apprehended when they were entered, but chose not

---

[2]Included in the rule 60(b)(6) motion was a request that, if the decree was set aside as prayed, the judge should recuse herself and not preside at trial. Although the recusal sought was thus contingent, the judge ruled upon it in the negative. See *Commonwealth* v. *Dane Entertainment Servs., Inc.*, 18 Mass. App. Ct. 446, 448-449 (1984), cited in *Botsaris* v. *Botsaris*, 26 Mass. App. Ct. at 260.

to put explicitly on the record. To state the point more directly: if counsel for the wife was aware of any reason why her client should not agree to the stipulation, or why the judge should not approve it, or why the proceedings should be halted to allow for reconnoitre, then counsel was duty bound to speak for the record, and thus to prepare for appeal should the judge misfire. Counsel was not at liberty to let the judgment enter with her apparent approval and later invite a battle of affidavits about why the judgment should not have entered.

The practice under rule 58(c) as well as rule 60(b)(6) is consistent with the elementary procedural principle mentioned. See, in addition to *Botsaris* and *Beninati*, *Murray* v. *Murray*, 9 Mass. App. Ct. 840, 841 (1980) (under prior probate rule); *Grindlinger* v. *Grindlinger*, 10 Mass. App. Ct. 823, 824 (1980); *Giner* v. *Giner*, 11 Mass. App. Ct. 1023, 1026 (1981); *Dominick* v. *Dominick*, 18 Mass. App. Ct. 85, 90 (1984). See also 11 Wright & Miller, Federal Practice and Procedure § 2864, at 214 (1973). Cf. *Saltmarsh* v. *Saltmarsh*, 395 Mass. 405 (1985). If escape from the principle is possible in extraordinary circumstances, there is no such circumstance in the present case, which looks like a "morning after" effort to retreat from an agreement now thought to be ill-advised. See *Grindlinger* v. *Grindlinger*, 10 Mass. App. Ct. at 824.

*Order denying motions affirmed.*