Greco, J.
This is a Dist./Mun. Cts. R. A. D. A., Rule 8A expedited appeal by plaintiff Ida M. Massey which raises the single issue of whether a party may renege on a settlement agreement reported to the court and made subject to a “30 Day Nisi Order” in a civil action for money damages.
The dispositive facts are undisputed. The plaintiff sued defendant Stop & Shop Companies, Inc. for its alleged negligence in failing to remove a foreign substance on its supermarket floor on which the plaintiff slipped and fell. On July 30,1997, both parties and their attorneys appeared at the Concord District Court for trial. However, prior to trial, the plaintiff accepted the defendant’s offer of settlement in the amount of $1,845.00. The parties reported to the trial judge that the case was settled, whereupon the following entry was made on the court’s docket: “Reported settled. Order for Entry of Dismissal NISI issued, 30 days.” The parties did not, on July 30,1997 or any other date, execute a written release or settlement agreement.
Two weeks later, the plaintiff, no longer wishing to accept the settlement, asked the court to restore the case to the trial list. The defendant, in turn, moved to enforce the settlement agreement. The motions were scheduled for hearing on August 27, 1995, prior to the expiration of the thirty day nisi period. Neither the plaintiff, nor her attorney, appeared at the motion hearing. The trial judge denied the plaintiff’s motion to restore the case to the trial list, and allowed the defendant’s motion to enforce the settlement agreement.
Subsequent to the expiration of the thirty day period, the plaintiff moved for relief from judgment under Mass. R. Civ. R, Rule 60(b), and for a stay of execution pursuant to Mass. R. Civ. R, Rule 62(b). In a supporting affidavit, plaintiff’s counsel stated that after the case was reported settled, the plaintiff informed him that “she did not fully understand the reasons for [settling], that she felt as though she did not have adequate time in which to consider the ramifications of settlement,” and that having now reflected on the matter, she “wished to proceed” to trial. The trial court denied the plaintiff’s motions, and this appeal followed. No judgment of dismissal has ever been entered on the trial court docket.
1. Given the absence of an entry of an effective judgment, the plaintiff’s appeal is technically interlocutory. Levy v. Bendetson, 6 Mass. App. Ct. 558, 560-561 (1978); Oyebgola v. DeSimone, 1995 Mass. App. Div. 91, 93. An interlocutory ruling or order may be properly appealed to this Division only upon the voluntary report of the trial judge. G.L.c. 231, §108; Dist./Mun. Cts. R. A. D. A., Rule 5. See Price-Hanson v. Pare, 1997 Mass. App. Div. 101, 102 and cases cited.
It is clear as a practical matter, however, that the court’s rulings on the parties’ motions constituted a final disposition of this action in the trial court, and that the entry of a judgment of dismissal was a purely mechanical step which the clerk *118 failed to take. See Hodge v. Klug, 33 Mass. App. Ct. 746, 750-751 (1992). See also, Arthur D. Little, Inc. v. East Camb. Sav. Bank, 35 Mass. App. Ct. 734, 737 n. 4 (1994); Standard Register Co. v. Bolton-Emerson, Inc., 35 Mass. App. Ct. 570, 574 (1993). The parties have fully briefed and argued the merits of the trial court’s rulings, Estabrook v. Somerville, 1996 Mass. App. Div. 38, 41, and the issue presented is a matter of general importance, see Board of Selectmen of Braintree v. County Commrs. of Norfolk, 399 Mass. 507, 508 (1987), not only for litigants, but also for trial court administration. Therefore, rather than dismissing this appeal on technical grounds, returning the case to the trial court for a purely clerical entry of judgment, and forcing the parties to retrace their appellate steps, we have elected to decide the appeal on its merits. Since judgment never entered and the plaintiff attempted to withdraw from the Settlement Agreement before the expiration of the thirty day nisi period, our review is confined to the court’s refusal to restore the case to the trial list. We consider such ruling in the context of the arguments and material submitted on the Rule 60(b) motion.
2, Agreements for judgment have long been recognized by both court rule and case law, and there are indeed literally “thousands of... cases between individual litigants where judgments have been entered upon agreements signed by counsel.” Medford v. Corbett, 302 Mass. 573, 575 (1939). Rule 58(a) of the Mass. R Civ. P. states: “When any party files an agreement for judgment..., the agreement... shall, upon being filed, constitute the judgment, for all purposes, and no separate document need be prepared.” See Holding, Inc. v. University Bank & Trust Co., 406 Mass. 1002 (1989). An agreement for judgment “may be specifically enforced, and may be set up as an equitable defense in an action on the original claim.” Peters v. Wallach, 366 Mass. 622, 628 (1975). Such an agreement is in fact enforceable even where, as in the instant case, it is oral and one of the parties later reneges and refuses to execute a written settlement agreement. Correia v. DeSimone, 34 Mass. App. Ct. 601, 603 (1993); Hubbard v. Peairs, 24 Mass. App. Ct. 372, 378 (1987).
3. The parties in this case did not, however, file a conventional, written agreement for judgment. Instead, apparently taking a page out of the Probate play-book, they reported the case as settled and asked for the entry of a dismissal “nisi.” A “decree nisi” ordinarily denotes an “adjudication ... which is to stand as valid and operative unless the party affected by it shall appear and show cause against it, or take some other appropriate step to avoid it or procure its revocation.” Black’s Law Dictionary (4th Ed.). See, as to a “Nisi Judgment” in the Probate Court, Mass. R. Dom. Rel. P, Rule 58(c).[1] A decree nisi in thus in its ordinary sense a conditional order for final judgment which will be entered and will take effect at the expiration' of a specified time period unless good cause is demonstrated for revocation of the order.
The “dismissal nisi” requested by the parties herein upon their settlement of the action was such a conditional order which envisioned the entry of a judgment of dismissal within thirty days. See Mendel Kern, Inc. v. Workshop, Inc., 400 Mass. 277, 280 (1987).
The order for dismissal nisi was plainly not a final judgment, but contemplated the entry of a judgment at a later date, based on an agreement of the parties if possible, otherwise to be prepared, signed and filed by the clerk.
*119 Chittenden Trust Co. v. Levitt, 26 Mass. App. Ct. 208, 210 (1988).
4. On the basis of the foregoing, it would appear that when an action is reported as settled and made subject to a dismissal nisi order, a trial court should proceed to dismiss the action within the contemplated time unless there is a demonstration of good cause not to dismiss and to release the parties from their settlement agreement In many respects, the court’s assessment of good cause would involve the same circumstantial considerations whether the objection to the parties’ agreed settlement is made before or after judgment has been entered.[2] The parties’ reliance on the settlement agreement has been the same. The date and time set for trial have passed. Witnesses, once called to appear, have been released from their obligations. The expense of having one’s attorney prepare for a trial date has been incurred. Closure to the case has been attained, and the parties have moved on to other business.
A number of relevant factors have been considered in determining whether a party should be released from a settlement agreement, including whether that party’s attorney had the requisite authority to bind his client to the settlement agreement, Medford v. Corbett, supra at 575; whether the party agreed to a settlement under “duress or intimidation,” Turesky v. Carp, 1993 Mass. App. Div. 141, 143; whether there was fraud in the inducement of the agreement, Dominick v. Dominick, 18 Mass. App. Ct. 85, 91 (1984); and whether the agreement is “manifestly against the public interest.” Carver v. Waldman, 21 Mass. App. Ct. 958, 960 n. 3 (1986). However, “[i]t is worth observing that in the run of cases where a settlement, agreed to by parties represented by counsel, is offered to a judge to be embodied in a judgment, and it appears desirable that the settlement be given the force of a judgment, the judge may act without assuming responsibility for the fairness of the terms.” Id. at 960.
This list of relevant factors is illustrative only, and there may well be other material considerations in a given case. What can never, however, be deemed sufficient good cause to prevent the entry of a judgment agreed upon by the parties is a mere change of heart by one of them. See Grindlinger v. Grindlinger, 10 Mass. App. Ct. 823, 824 (1980) (“a morning-after determination that the agreement... was ill-advised and burdensome” was not “a legally sufficient ground for reopening the case”); Innis v. Innis, 35 Mass. App. Ct. 115, 118 (1993). In addition to the prejudice and burdens which would be imposed on the party who remains willing to abide by the settlement agreement, institutional interests of the judicial system itself militate against permitting parties to avoid enforcement of a settlement agreement based on nothing more than second thoughts. A court’s general case flow management, its proper utilization of limited judicial resources, and the integrity of its scheduling process would be impaired if parties were simply allowed to report a case as settled on the date scheduled for trial, subsequently renege on the settlement agreement without good cause, and then reschedule the case for a new trial date. See Correia v. DeSimone, supra at 604-605.
Nothing more than a mere change of heart by the plaintiff has been demonstrated in this case. There is no issue herein of counsel’s authority and no attack on the validity, integrity or even the fairness of the settlement agreement. As indicated in her attorney’s affidavit, the plaintiff simply had second thoughts in the days following settlement and decided that she now wanted to go to trial. The trial judge correctly ignored such a plea, and no abuse of discretion attended his denial of the plaintiff’s motion.
*120 Accordingly, the trial court’s rulings are affirmed. This case is returned to the trial court for entry of judgment upon the parties’ agreement. The plaintiff’s appeal is dismissed.
So ordered.

 Rule 58(c) states: “At any time before the expiration of ninety days from the entry of a judgment of divorce nisi, the defendant, or any other person interested, may file in the Registry of Probate a statement of objections to the judgment becoming absolute, which shall set forth specifically the facts on which it is founded and shall be verified by affidavit.”

 However, after judgment has been entered, a request for relief must obviously be predicated on one of the grounds cognizable under Rule 60(b). See, e.g., Paresky v. Board of Zoning Appeal of Cambridge, 19 Mass. App. Ct. 612, 615 (1985).