The husband appeals from a 2016 Probate and Family Court order denying his motion for relief from three judgments: a 2013 divorce judgment and two substantively identical 2015 judgments on complaints for modification and for contempt. Although the husband's allegations of fraud by the wife are troubling, we cannot say that the judge abused his discretion in denying the motion, and we therefore affirm.
Background. On June 7, 2013, a judgment of divorce nisi entered, approving and incorporating the parties' separation agreement. As relevant here, the agreement made the parties "responsible for their own student loan obligations as listed on his or her respective Rule 401 financial statement."[3] On May 4, 2015, the husband filed a complaint for modification of alimony, seeking to suspend his obligation to pay alimony due to the termination of his employment, the exhaustion of his savings, and durational limits. On August 3, 2015, the wife filed a complaint for contempt, alleging that the husband had violated the separation agreement by blocking the sale of the former marital home and by failing to make mortgage payments on that home and on a student loan.[4] On August 24, 2015, the husband filed an application for a criminal complaint in District Court, alleging that the wife had forged his signature on various student loan documents. After a hearing, the application was denied.
On September 28, 2015, after a hearing in Probate and Family Court on the wife's contempt complaint, the parties executed a stipulation and agreement for judgment resolving numerous issues. As pertinent here, (1) both parties agreed to pay "the student loans assigned to them in the parties' original divorce agreement"; (2) the husband agreed to transfer title of the former marital home to the wife, and the wife agreed to waive the husband's mortgage arrearages; (3) the husband agreed to pay $400 per month for the wife's health insurance through October, 2021;[5] and (4) the wife waived "all remaining alimony payments stated in the original agreement, in consideration of the foregoing." Judgments incorporating the stipulation entered on October 2, 2015, on both the husband's complaint for modification and the wife's complaint for contempt.[6]
On June 8, 2016, alleging fraud and fraud on the court, the husband moved under Mass.R.Dom.Rel.P. 60(b)(3) and 60(b)(6) for partial relief from the 2013 judgment of divorce and the two 2015 judgments. The motion alleged that between 2005 and 2008, the wife had forged his name as the borrower or cosigner on several student loan documents for her son, resulting in loans now totaling over $100,000. The husband claimed to have been unaware of these loans when he entered into the agreement incorporated in the 2013 divorce judgment and the stipulation incorporated in the two 2015 judgments. On October 21, 2016, the judge denied the husband's motion. This appeal followed.
Relief under rule 60(b)(3).[7] We review a judge's decision on a rule 60(b) motion for abuse of discretion. Owens v. Mukendi, 64 Mass. App. Ct. 820, 826 (2005), S.C., 448 Mass. 66 (2006). A motion seeking relief under rule 60(b)(3) on the ground of fraud, however, must be brought both within a reasonable time and within one year of the judgment. Id. at 823-824. Here, the husband's motion was plainly brought more than one year after the 2013 divorce judgment, and thus the judge had no choice but to deny it insofar as it sought relief from that judgment.
With regard to the 2015 judgments, the judge determined that at the time of those judgments, the husband was aware of the possibility that the wife had fraudulently caused his name to be placed on various student loan documents.[8] More important, the judge concluded that in the stipulation incorporated in the 2015 judgments, whatever additional liability the husband assumed by reaffirming the student loan obligations and agreeing to pay for the wife's health insurance was substantially less than the dollar value of the alimony and marital-home concessions made by the wife "in consideration of" the husband's agreement.
In short, the judge concluded that the 2015 judgments as a whole worked no unfairness to the husband, and therefore he denied relief from those judgments. This did not amount to a "clear abuse of discretion," as would be required for us to reverse the judge's decision.[9] Grindlinger v. Grindlinger, 10 Mass. App. Ct. 823, 823 (1980). Accord Murphy v. Administrator of Div. of Personnel Admin., 377 Mass. 217, 227 (1979).
Relief under rule 60(b)(6). Nor did the judge abuse his discretion in denying the husband's motion insofar as it alleged fraud on the court and sought relief under rule 60(b)(6).
"A party seeking to demonstrate fraud on the court must prove the most egregious conduct involving a corruption of the judicial process itself. Examples are bribery of judges, employment of counsel to influence the court, bribery of the jury, and the involvement of an attorney (an officer of the court) in the perpetration of fraud."
Paternity of Cheryl, 434 Mass. 23, 36 (2001) (quotation omitted). Otherwise stated:
"A 'fraud on the court' occurs where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense."
Rockdale Mgmt. Co. v. Shawmut Bank, N.A., 418 Mass. 596, 598 (1994), quoting from Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1118 (1st Cir. 1989).
We see no conduct alleged in the husband's motion or supporting materials that would satisfy these stringent standards. "Conduct such as nondisclosure to the adverse party or the court of facts pertinent to the matter before it, without more, does not constitute fraud on the court for purposes of setting aside a judgment under rule 60(b)." Sahin v. Sahin, 435 Mass. 396, 406 (2001). The closest the husband came was to observe that the wife's attorney had drafted the separation agreement that was incorporated in the 2013 divorce judgment, and that certain language in that agreement allegedly furthered the wife's "attempt[ ] to underhandedly thrust her son's college loan obligations onto [the] [h]usband." The husband carefully stopped short, however, of alleging that the wife's attorney knowingly drafted the language for that purpose, or that the attorney took any other action that might constitute fraud on the court.
Order denying motion for relief from judgments affirmed.

The husband acknowledges in his affidavit in support of his motion for relief that the agreement also provided that he had cosigned and was an indemnitor on one student loan for the benefit of his former stepson, the biological son of the wife. The parties had no children together.

On August 25, 2015, the husband filed an answer to the complaint, in which he "acknowledges in part non-payment of Student Loans due to outstanding questions regarding legitimacy of these Loans[,]" and alleged discovery of "forged loan applications" on two Sallie Mae loans that he claimed to have been unaware of when he signed the separation agreement in 2013. He also stated that he had filed a criminal complaint and notified various entities for "possible criminal prosecution."

This provision appears to have added specificity to the husband's existing obligation under article 10 of the separation agreement to provide health insurance for the wife.

For clarity, we note that these judgments, although not entered until October 2, 2015, were actually dated September 28, 2015, and were mistakenly referred to in subsequent proceedings as having been dated August 28, 2015.

In all pertinent respects, Mass.R.Dom.Rel.P. 60(b) is identical to Mass.R.Civ.P. 60(b), 365 Mass. 828 (1974). Sahin v. Sahin, 435 Mass. 396, 398 n.4 (2001).

The husband had not only applied for criminal complaints making such allegations, but had also made them in his August 24, 2015, answer to the wife's contempt complaint, and in a motion he filed that same day to modify the separation agreement. We recognize that, as the husband argues, the judge's decision on the rule 60(b) motion erroneously found that the husband, prior to the 2015 judgments, had filed a trustee process motion making such allegations; the trustee process motion was not filed until 2016. We have also considered the husband's argument that the judge clearly erred in finding that the husband received, on September 28, 2015, a letter bearing that same date from Northstar Location Services, putting him on further notice of such possibly fraudulent loans. We view these points as immaterial to the judge's well-supported finding, based on the husband's other filings, that the husband was on notice of possible fraud prior to the 2015 judgments.

The judge could also have considered that the husband's motion did not plainly establish which, if any, allegedly fraudulently obtained loans had not been disclosed to the husband prior to the 2015 judgments. We are, for example, unable to determine from the record which loans were subsumed in the "consolidation loan" of which the husband claimed he was unaware. Nor did the husband help clarify matters when he failed to list any student loans whatsoever as liabilities on his 2015 financial statement, despite having listed, on his 2013 statement, two student loans totaling approximately $112,000, and on his 2014 statement, two differently-dated student loans totaling approximately $150,000.